# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00199-CR

**Hamilton Lee Bell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 65,411, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury found appellant Hamilton Lee Bell guilty of possessing less than one gram of cocaine and assessed his punishment at two years in state jail. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010). In two points of error, appellant contends the trial court erred by admitting extraneous offense evidence and by ordering him to pay his appointed attorney's fees. We overrule the first point, sustain the second, modify the judgment to delete the order to pay attorney's fees, and affirm the judgment as modified.

Shortly after noon on August 17, 2009, Killeen police officer Michael Swan stopped a Ford Escape after noticing that "body parts of the vehicle [were] actually hitting the street going underneath the car, which could potentially create an accident or a traffic hazard." Appellant was the driver and sole occupant of the vehicle, which was shown to be registered to his wife, Ebony Bell. When Swan spoke to appellant, he noticed an alcoholic beverage odor and saw an open

can of beer in the vehicle. Swan testified that appellant appeared to be nervous and "kept moving his hands from the steering wheel and dropp[ing] them down. . . . I couldn't see what he was doing with his hands." After failing field sobriety tests, appellant was arrested for driving while intoxicated. As another officer was preparing to have the Escape towed, he discovered a small baggie containing what proved to be powder cocaine lying on the floor of the vehicle between the driver's seat and the driver's door. It was for the possession of this cocaine that appellant was convicted.

In his first point of error, appellant contends that the trial court erred by admitting the testimony of two Killeen police officers, Terry Kaiser and Antonio McDaniel, and a Bell County probation officer, Betty Secrest, regarding other offenses committed by appellant. Kaiser testified that at 7:00 a.m. on April 13, 2008, appellant was found passed out in the driver's seat of Ebony Bell's Ford Escape as it sat in traffic. When awakened, appellant's speech was slurred and his eyes were glassy. There was white powder on appellant's nose. Cocaine was found inside the Escape, and appellant was later convicted for possession of less than one gram. McDaniel testified that at 8:40 a.m. on May 17, 2008, he was called to a city park where appellant and a woman were being detained by another officer. The Ford Escape was also present. The other officer told McDaniel that he had seen appellant "reach his hands into his pants pockets and apparently drop some baggies" in or around the Escape. McDaniel found two small baggies containing cocaine on the ground by the vehicle. Secrest testified that appellant was placed on her case load on May 27, 2008. On July 7, 2008, appellant tested positive for cocaine. Secrest said that appellant told

2

her that he had "relapsed." According to Secrest, appellant's probation was revoked after he committed another cocaine offense.

Appellant urges that this testimony had no relevance other than to prove his character as "a druggie" and to suggest that he was therefore likely to be guilty of the charged offense. *See* Tex. R. Evid. 404(b). He also urges that any relevance this testimony may have had was outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. We review the trial court's admission of evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

Under rule 404(b), evidence of other crimes or bad acts committed by a defendant may be admissible for a purpose other than to show character conformity, such as to prove knowledge, intent, or absence of accident. It was appellant's defense, advanced as early as jury voir dire, that he did not knowingly possess the cocaine and that his mere presence in the vehicle in which the cocaine was found did not prove that he had done so. During his cross-examination of Swan and the other officers involved in the events of August 17, appellant demonstrated that he had not been seen holding the baggie of cocaine, that he had no drugs or paraphernalia on his person, that the baggie was found amidst trash on the floor of the Escape, and that no fingerprints were found on the baggie. Later, appellant called his wife to testify that appellant's brother and another man had individually borrowed her Ford Escape on the night of August 16. The next morning, the day of appellant's arrest for this offense, she noticed that the Escape had a flat tire and asked appellant to get it fixed. Appellant drove off in the vehicle on the flat tire, only to be stopped by Swan. The

obvious implication of this testimony was to suggest that the cocaine had been left in the Escape by one of the men who borrowed it the night before appellant's arrest.

Kaiser and McDaniel's testimony that appellant had twice before been found in possession of cocaine while in or near the Ford Escape was plainly relevant, beyond mere character conformity, to rebut appellant's suggestion that he was an innocent victim of circumstance on August 17, 2009. Under the circumstances, the trial court did not abuse its discretion under rule 404(b) by admitting their testimony to rebut appellant's claim that he was unaware of the cocaine found in the vehicle. Furthermore, the court's charge contained the usual instruction to consider evidence of other offenses committed by appellant only in determining, among other things, his intent and knowledge in connection with the charged offense, and there is no reason to believe that the jury was not able to follow this limiting instruction. It was not an abuse of discretion under rule 403 for the court to conclude that the relevance of this testimony, which consumes only sixteen pages of the reporter's record, outweighed the danger of unfair prejudice or confusion of the issues.

Secrest's testimony, on the other hand, did not place appellant's drug use in the context of his operation of the Escape. Insofar as it served to prove appellant's knowing possession of cocaine on August 17, it did so only by showing that appellant is a chronic drug abuser; that is, by character conformity. However, in light of the other evidence properly admitted, including Kaiser and McDaniel's testimony, we are satisfied that the admission of Secrest's testimony did not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). Point of error one is overruled.

4

In point of error two, appellant contends that there is no evidence to support the trial court's order that he repay his appointed attorney's fees. The defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of appointed attorney's fees under article 26.05(g). Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Mayer*, 309 S.W.3d at 557.

The State does not contend that there is evidence that appellant is financially able to repay the cost of providing him an appointed attorney. Instead, the State contends that appellant was not ordered to do so. It is correct that the trial court did not orally order payment of attorney's fees when imposing sentence in open court. The written judgment, however, includes this entry: "Court Costs: $312.00 Plus attorney fees $3110.00." The judgment also "**Orders** Defendant to pay all fines, court costs, and restitution as indicated above." Whether intended or not, the judgment can be construed as ordering appellant to pay his attorney's fees.

Because there is no evidence that appellant is no longer indigent, the judgment is modified to delete the phrase "Plus attorney fees $3110.00" under the listing of costs. As modified, the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Modified and, as Modified, Affirmed

Filed:   November 9, 2010

Do Not Publish