TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00199-CR





Hamilton Lee Bell, Appellant

v.

The State of Texas, Appellee




FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 65,411, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Hamilton Lee Bell guilty of possessing less than one gram of
cocaine and assessed his punishment at two years in state jail. See Tex. Health & Safety Code Ann.
§ 481.115 (West 2010). In two points of error, appellant contends the trial court erred by admitting
extraneous offense evidence and by ordering him to pay his appointed attorney’s fees. We overrule
the first point, sustain the second, modify the judgment to delete the order to pay attorney’s fees, and
affirm the judgment as modified.
Shortly after noon on August 17, 2009, Killeen police officer Michael Swan stopped
a Ford Escape after noticing that “body parts of the vehicle [were] actually hitting the street going
underneath the car, which could potentially create an accident or a traffic hazard.” Appellant was
the driver and sole occupant of the vehicle, which was shown to be registered to his wife,
Ebony Bell. When Swan spoke to appellant, he noticed an alcoholic beverage odor and saw an open
can of beer in the vehicle. Swan testified that appellant appeared to be nervous and “kept moving
his hands from the steering wheel and dropp[ing] them down. . . . I couldn’t see what he was doing
with his hands.” After failing field sobriety tests, appellant was arrested for driving while
intoxicated. As another officer was preparing to have the Escape towed, he discovered a small
baggie containing what proved to be powder cocaine lying on the floor of the vehicle between
the driver’s seat and the driver’s door. It was for the possession of this cocaine that appellant
was convicted.
In his first point of error, appellant contends that the trial court erred by admitting the
testimony of two Killeen police officers, Terry Kaiser and Antonio McDaniel, and a Bell County
probation officer, Betty Secrest, regarding other offenses committed by appellant. Kaiser testified
that at 7:00 a.m. on April 13, 2008, appellant was found passed out in the driver’s seat of
Ebony Bell’s Ford Escape as it sat in traffic. When awakened, appellant’s speech was slurred and
his eyes were glassy. There was white powder on appellant’s nose. Cocaine was found inside the
Escape, and appellant was later convicted for possession of less than one gram. McDaniel testified
that at 8:40 a.m. on May 17, 2008, he was called to a city park where appellant and a woman were
being detained by another officer. The Ford Escape was also present. The other officer told
McDaniel that he had seen appellant “reach his hands into his pants pockets and apparently drop
some baggies” in or around the Escape. McDaniel found two small baggies containing cocaine
on the ground by the vehicle. Secrest testified that appellant was placed on her case load on
May 27, 2008. On July 7, 2008, appellant tested positive for cocaine. Secrest said that appellant told
her that he had “relapsed.” According to Secrest, appellant’s probation was revoked after he
committed another cocaine offense.
Appellant urges that this testimony had no relevance other than to prove his character
as “a druggie” and to suggest that he was therefore likely to be guilty of the charged offense. See
Tex. R. Evid. 404(b). He also urges that any relevance this testimony may have had was outweighed
by the danger of unfair prejudice. See Tex. R. Evid. 403. We review the trial court’s admission of
evidence for an abuse of discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh’g).
Under rule 404(b), evidence of other crimes or bad acts committed by a defendant
may be admissible for a purpose other than to show character conformity, such as to prove
knowledge, intent, or absence of accident. It was appellant’s defense, advanced as early as jury voir
dire, that he did not knowingly possess the cocaine and that his mere presence in the vehicle in which
the cocaine was found did not prove that he had done so. During his cross-examination of Swan and
the other officers involved in the events of August 17, appellant demonstrated that he had not been
seen holding the baggie of cocaine, that he had no drugs or paraphernalia on his person, that the
baggie was found amidst trash on the floor of the Escape, and that no fingerprints were found on the
baggie. Later, appellant called his wife to testify that appellant’s brother and another man had
individually borrowed her Ford Escape on the night of August 16. The next morning, the day of
appellant’s arrest for this offense, she noticed that the Escape had a flat tire and asked appellant to
get it fixed. Appellant drove off in the vehicle on the flat tire, only to be stopped by Swan. The
obvious implication of this testimony was to suggest that the cocaine had been left in the Escape by
one of the men who borrowed it the night before appellant’s arrest.
Kaiser and McDaniel’s testimony that appellant had twice before been found in
possession of cocaine while in or near the Ford Escape was plainly relevant, beyond mere character
conformity, to rebut appellant’s suggestion that he was an innocent victim of circumstance
on August 17, 2009. Under the circumstances, the trial court did not abuse its discretion under
rule 404(b) by admitting their testimony to rebut appellant’s claim that he was unaware of the
cocaine found in the vehicle. Furthermore, the court’s charge contained the usual instruction to
consider evidence of other offenses committed by appellant only in determining, among other things,
his intent and knowledge in connection with the charged offense, and there is no reason to believe
that the jury was not able to follow this limiting instruction. It was not an abuse of discretion under
rule 403 for the court to conclude that the relevance of this testimony, which consumes only
sixteen pages of the reporter’s record, outweighed the danger of unfair prejudice or confusion of
the issues.
Secrest’s testimony, on the other hand, did not place appellant’s drug use in the
context of his operation of the Escape. Insofar as it served to prove appellant’s knowing possession
of cocaine on August 17, it did so only by showing that appellant is a chronic drug abuser; that is,
by character conformity. However, in light of the other evidence properly admitted, including Kaiser
and McDaniel’s testimony, we are satisfied that the admission of Secrest’s testimony did not affect
appellant’s substantial rights. See Tex. R. App. P. 44.2(b). Point of error one is overruled.
In point of error two, appellant contends that there is no evidence to support the trial
court’s order that he repay his appointed attorney’s fees. The defendant’s financial resources and
ability to pay are explicit critical elements in the trial court’s determination of the propriety of
ordering reimbursement of appointed attorney’s fees under article 26.05(g). Tex. Code Crim. Proc.
Ann. art. 26.05(g) (West Supp. 2010); Mayer v. State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). 
When the evidence does not support the order to pay attorney’s fees, the proper remedy is to delete
the order. Mayer, 309 S.W.3d at 557.
The State does not contend that there is evidence that appellant is financially able to
repay the cost of providing him an appointed attorney. Instead, the State contends that appellant was
not ordered to do so. It is correct that the trial court did not orally order payment of attorney’s fees
when imposing sentence in open court. The written judgment, however, includes this entry: “Court
Costs: $312.00 Plus attorney fees $3110.00.” The judgment also “Orders Defendant to pay all fines,
court costs, and restitution as indicated above.” Whether intended or not, the judgment can be
construed as ordering appellant to pay his attorney’s fees.
Because there is no evidence that appellant is no longer indigent, the judgment is
modified to delete the phrase “Plus attorney fees $3110.00” under the listing of costs. As modified,
the judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                J. Woodfin Jones, Chief Justice
Before Chief Justice Jones, Justices Pemberton and Henson
Modified and, as Modified, Affirmed
Filed: November 9, 2010
Do Not Publish