# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00343-CR

**Billy Durand Watkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 63931, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In June 2009, appellant Billy Durand Watkins was placed on deferred adjudication community supervision after he pleaded guilty to aggravated assault with serious bodily injury. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2010). The State later filed a motion to adjudicate, which was granted following a hearing. The trial court adjudged appellant guilty and imposed a sentence of seventeen years' imprisonment.

Appellant's sole contention on appeal is that the evidence does not support the trial court's order that he repay $2040 in appointed attorney's fees upon release. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (holding that order to reimburse cost of appointed

attorney must be supported by evidence of defendant's ability to pay).[1]  The State concedes error and agrees that the judgment of conviction should be modified to delete the order.  *See id*. at 557.

We agree that the evidence is legally insufficient to prove that appellant is able to pay the ordered attorney's fees.  The judgment is modified to delete the order that appellant pay $2040 in attorney's fees upon release.  As modified, the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Henson

Modified and, as Modified, Affirmed

Filed:   November 16, 2010

Do Not Publish

---

[1]  Appellant asserts that the evidence is factually insufficient.  Factual sufficiency review is no longer employed in criminal appeals.  *Brooks v. State*,  No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *57 (Tex. Crim. App. Oct. 6, 2010).  Given his reliance on *Mayer*, it is clear that appellant is actually challenging the legal sufficiency of the evidence.