# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00228-CR

**Dontez Peter Jones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 65594, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Dontez Peter Jones pleaded guilty to aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2003). After hearing testimony and reviewing a presentence report, the trial court assessed punishment at sixteen years in prison. In two issues, appellant contends that the punishment is excessive and that the evidence does not support the court's order that he pay his attorney fees. We sustain the latter contention, modify the trial court judgment, and affirm the judgment as modified.

An attorney was appointed to represent appellant at trial. *See* Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp. 2010). However, a different attorney filed all the pleadings and appeared in court on appellant's behalf. The record is silent as to whether this attorney was appointed or retained. There was no mention of appellant's financial status at trial. The court's judgment lists court costs, including $1495.00 for attorney fees, and orders that the costs be paid

after release from prison. An attorney was appointed to represent appellant on appeal, but yet another attorney (appellant's fourth) was subsequently retained for the appeal.

A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. *Id*. art. 26.05(g). The defendant's financial resources and ability to pay are explicit critical elements under article 26.05(g) that must be supported by record evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). No trial objection is required to preserve the sufficiency of the evidence for appellate review. *Id*. When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Id*. at 557.

There is nothing in the record to indicate that the trial court, either before or after ordering appellant to pay the cost of his appointed counsel, determined that appellant was no longer indigent and had the ability to pay. Accordingly, the order will be deleted from the judgment.

Appellant contends that the sixteen-year prison term imposed by the court "is merely punitive and does not further [the] Penal Code's goal of rehabilitation." To preserve alleged error related to excessive punishment, a defendant must have made a timely request, objection, or motion at the trial court. Tex. R. App. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Appellant did not object to the sentence at the time it was announced, nor did he file a motion for new trial raising this issue. Thus, appellant has not preserved this contention for review.

No abuse of discretion is shown in any event. Appellant pleaded guilty to a first degree felony punishable by imprisonment for five to ninety-nine years or life. The record reflects

that appellant committed this aggravated robbery less than one month after pleading guilty to evading arrest and while awaiting sentencing for that offense. Appellant was twenty years old and apparently had no prior criminal record before committing these offenses. Appellant was armed with a shotgun during the robbery, and he struck the complainant with that weapon even though the complainant did not resist and gave appellant his money. Under the circumstances, it was well within the trial court's discretion to conclude that appellant's rehabilitation, not to mention the other objectives of the penal code, was best served by a conviction and prison term rather than by the deferred adjudication urged by defense counsel.

The judgment of conviction is modified to delete the notation "Attorney Fees $1495.00" under the heading of court costs. As modified, the judgment is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Modified and as Modified, Affirmed

Filed:   April 26, 2011

Do Not Publish