# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00106-CR
## NO. 03-11-00107-CR

**Ex parte Russell Dale Mortland**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT**
**NOS. CR-05-0582-C & CR-05-0583-C, HONORABLE WILLIAM HENRY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Russell Dale Mortland appeals orders denying relief in these article 11.072 post-conviction habeas corpus proceedings. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). We affirm.

On November 29, 2007, Mortland was convicted for retaliation (cause number CR-05-0583) and three counts of fraudulently filing a financing statement (cause number CR-05-0582). He was sentenced to ten years' imprisonment for the retaliation and twenty-four months in state jail for each of the fraud counts. Imposition of sentence was suspended in both causes, and Mortland was placed on community supervision. On appeal, this Court reversed the conviction on the third fraud count and ordered that count dismissed; the other convictions were affirmed. *Mortland v. State*, Nos. 03-08-00029-CR & 03-08-00030-CR (Tex. App.—Austin Dec. 30, 2008, pet. ref'd) (mem. op., not designated for publication).

In his writ applications, Mortland contends that the evidence does not support the district court's order that he pay $450 in each cause to reimburse the attorney appointed as standby counsel at Mortland's trial, where he chose to represent himself. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Setting aside whether this is a proper ground for post-conviction habeas corpus relief, the district court judgments do not order the payment of attorney's fees, and there is no other evidence in the record that such payment was ordered.

The orders denying relief are affirmed.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: August 11, 2011

Do Not Publish