

NUMBER 13-11-00454-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ISAAC LUCAS MEDINA,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

### On appeal from the 54th District Court
### of McLennan County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

By one issue, appellant Isaac Lucas Medina contends the evidence was insufficient to support an award of court-appointed attorney's fees against him because he was indigent.   We modify the judgment, and affirm it as modified.

## I. Background

In 2007, Medina was convicted of evading arrest using a vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2) (West Supp. 2010). Medina was sentenced to twenty-four months in state jail and fined $400.00. His sentence was probated for four years subject to certain terms and conditions of his community supervision. On January 20, 2011, the State of Texas filed a motion to revoke Medina's community supervision for violation of its terms. Prior to the hearing on the motion to revoke, Medina filed a financial affidavit with the trial court and requested a court-appointed attorney. The court found that "defendant [was] indigent" and granted his request on April 8, 2011.

On May 3, 2011, the trial court revoked Medina's probation and assessed court costs, which included court-appointed attorney's fees in the amount of $5,433.43 against Medina.[1] Of this amount, $900.00 was credited towards attorney's fees. Medina appeals the assessment of the attorney's fees against him, claiming he is indigent.

## II. Applicable Law and Analysis

Texas law provides that a defendant may be ordered to re-pay court-appointed attorney's fees as court costs after conviction:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). However, once a

---

[1] Medina notes that the trial court assessed $1,313.00 in court costs; $3,720.43 in restitution; and $400.00 in fines, totaling $5,433.43.

defendant is found to be indigent, he is presumed indigent "for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs." *Id.* art. 26.04(p) (West Supp. 2010).

Here, the court found that Medina was indigent on April 8, 2011, when it considered his financial affidavit and granted his request for a court-appointed attorney. Accordingly, it erred when it assessed $900.00 in attorney's fees against Medina, as there was no evidence that his financial circumstances changed between the time he was appointed an attorney and the time his probation was revoked. *See Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010) (holding that improperly assessing attorney's fees against a defendant without legally sufficient evidence may be challenged for the first time on appeal). We sustain Medina's sole issue.[2]

### III. CONCLUSION

We reverse the $900.00 award of attorney's fees and modify the judgment to $4,533.43 to reflect this determination. We affirm the judgment as modified.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
15th day of December, 2011.

---

[2] We note that the State filed a letter brief in response to Medina's appeal, which stated that "the State concedes that [Medina] is entitled to relief on his sole point of error and that the appropriate relief is to modify the judgment to delete the assessment of court-appointed attorney's fees." While the State's admission of error is an important factor, it is not conclusive and the appellate court must make an independent determination of the merits of any issue raised on appeal. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).