Opinion filed January 19,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00011-CR

                                                    __________

 

          MICHAEL THORNE
A/K/A EDWANA MICHAEL THORNE, 

    A/K/A MICHAEL EDWANA
THORNE, A/K/A EDWARD THORNE,

        A/K/A MICHAEL
SMITH, A/K/A MICHAEL PACE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 264th District Court

 

                                                              Bell
County, Texas

 

                                                      Trial
Court Cause No. 64910

 



                                                                              

M
E M O R A N D U M   O P I N I O N

            The
jury convicted Michael Thorne a/k/a Edwana Michael Thorne, a/k/a Michael Edwana
Thorne, a/k/a Edward Thorne, a/k/a Michael Smith, a/k/a Michael Pace of
aggravated robbery with a deadly weapon and, finding enhancement paragraphs to
be true, assessed punishment at forty-five years confinement in the
Institutional Division of the Texas Department of Criminal Justice.  We modify
and affirm.  

            Thorne
contends in four issues that (1) the evidence was not sufficient to support the
trial court’s order that Thorne repay court-appointed attorney’s fees, (2) the
State improperly engaged in vouching for the credibility of one of its
witnesses during closing argument, (3) the State improperly interjected its
personal opinion during closing argument, and (4) the trial court drafted its
judgment in error.          

            On
March 27, 2009, Thorne entered a Kmart store in Killeen, Texas.  As he entered,
he caught the attention of Allen Guy Jr., a loss prevention officer employed by
Kmart, because Thorne looked to the ceiling as if he was looking to determine
if security cameras were present.  Thorne went to the electronics department,
and Guy went to the store’s office to follow Thorne’s movements on the security
camera monitors located there.  Guy watched the monitors and saw Thorne take
three DVD cases from a shelf, use a pocketknife to open the cases, and remove
the discs and the booklets located inside.  Thorne discarded the empty cases on
another shelf and placed the discs and booklets in his pocket.  Guy left the
office, went to the shelf where Thorne left the empty cases, and confirmed that
the cases were empty.  Guy then watched as Thorne placed the booklets and some
other paper items in a binder Thorne took from a shelf and began walking to the
front of the store.

            Once
Thorne left the store without making any attempts to pay for the items, Guy
confronted Thorne, identified himself, and asked Thorne to step back inside the
store.  Thorne walked back in the store and placed the binder and its contents
on a candy machine, but did not put the discs down.  Guy repeatedly asked
Thorne to go with him to the back of the store.  Thorne refused.  Blocking the
exit, Guy again instructed Thorne to go to the back of the store.  Thorne again
refused and hit Guy’s hand and chest.  Thorne then produced a knife and
indicated to Guy that, if Guy refused to back away from him, he was going to
stab Guy.  At this point, Guy allowed Thorne to leave the store.

            Thorne
was later arrested by police at his home, where the police seized clothing
matching the description of the suspect.  They found four knives in Thorne’s
car, which was parked in an open garage.  At trial, Thorne testified that he
did attempt to steal the items in question.  However, Thorne denied having a
knife with him in the store or assaulting Guy.  During the trial, video of
Thorne taking the items and the confrontation that followed was admitted into
evidence.

            Thorne
argues in Issue One that the evidence was not sufficient to support the trial
court’s order that Thorne repay court-appointed attorney’s fees.  The State
agrees.  Following Thorne’s arrest, he completed a financial questionnaire for
court appointment of counsel.  The request for appointment of counsel was
granted.  During the punishment phase, the trial court orally pronounced its
order that, among other things, Thorne pay all court-appointed attorney’s fees
upon his release from prison.  After judgment was rendered against Thorne, he
filed a motion requesting a free record on appeal based on his inability to pay
for the record.  The trial court granted Thorne’s motion.

            We
agree with both Thorne and the State that the evidence was not sufficient to
support the trial court’s order that Thorne repay court-appointed attorney’s
fees.  “A defendant who is determined by the court to be indigent is presumed
to remain indigent for the remainder of the proceedings in the case unless a
material change in the defendant’s financial circumstances occurs.”  Tex. Code Crim. Proc. Ann. art.
26.04(p) (West Supp. 2011); see Mayer v. State, 309 S.W.3d 552 (Tex.
Crim. App. 2010).  No evidence was presented to indicate that Thorne’s finances
had undergone a material change or that Thorne was able to pay any part of the
fees.  See Article 26.05(g); Mayer, 309 S.W.3d at 553.  Therefore,
we modify the judgment to delete the portion of it in which the trial court ordered
Thorne to pay attorney’s fees.  Issue One is sustained.

            Thorne
argues in Issue Two that the State was outside the four parameters of
acceptable closing argument by vouching for the credibility of its own witness
and giving the jury information that was its sole province to determine. 
During closing arguments, the State argued the following:  

        Really what
we get to is whether there was a threat, whether there was a knife, whether
Allen Guy, Jr. was threatened with a deadly weapon.

 

        Something
like this.  A knife.  We’re here today to talk about did the defendant threaten
him with a deadly weapon.

 

        Now, what do
you have to help you with that?  Well, to start off, you have Allen Guy, Jr. 
He doesn’t know this defendant.  Has no reason to lie about him, has no reason
to pick this defendant out from the other 200 people that have committed
shoplifting out there.

 

            Defense
counsel objected that the argument was a comment vouching for the credibility
of its own witness.  The trial court overruled the objection.  The State
continued the argument: “As I was saying, Allen Guy, Jr. has no reason to lie.” 
Defense counsel again objected that the State was vouching for the credibility
of its own witness.  Again, the trial court overruled the objection.

            In
general, there are four permissible areas of closing argument:  (1) summation
of the evidence, (2) reasonable deduction from the evidence, (3) answer to
argument of opposing counsel, and (4) plea for law enforcement.  Wesbrook v.
State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  An argument will
constitute reversible error if it is manifestly improper or injects new,
harmful facts into the case.  Jackson v. State, 17 S.W.3d 664, 673 (Tex.
Crim. App. 2000). Here, the State’s argument was a summation of the evidence.  During
cross-examination, Thorne stated that, prior to the incident, he did not know
Guy, had never met Guy, and had never had any problems with or been stopped for
shoplifting by Guy.  When asked whether to his knowledge Guy had any reason to
dislike him, Thorne responded, “To my knowledge, no.”  When asked whether there
was any reason for Guy to pick Thorne out of the two hundred shoplifters Guy
had detained for shoplifting to say that Thorne had a knife and went after Guy
with that knife, Thorne replied, “No.”  When asked whether there was a “dispute
with [Thorne] or any reason that [Guy] ought to go after [Thorne],” Thorne
answered, “No.”  By stating in its closing argument that Guy had no reason to
lie, the State did not overstep the bounds of proper argument because it was
recounting the testimony given by Thorne.  We do not construe it as an attempt
by the State to improperly engage in vouching for the credibility of one of its
witnesses during closing argument.  

            We
conclude that the trial court did not err by overruling defense counsel’s
objections to the State’s jury argument.  We overrule Issue Two.

            Thorne
argues in Issue Three that the State was outside the four parameters of
acceptable closing argument by improperly interjecting its personal opinion
during closing argument.  During closing arguments, the State argued the
following:

        When the
defendant testified, he conceded five of those seven points because when you
look at the video and when you know what happened that day, you really can’t
fight that.  You really can’t even stand on your two feet and make a credible
argument that it didn’t happen.

 

         There’s no
question that it’s him because you can see him big as light right on that
video.

 

            Defense
counsel objected that the argument was the personal opinion of the State.  The
trial court overruled the objection.  The prosecuting attorney continued his
argument:  “As I was saying, there’s no doubt that it’s the defendant in this
case.”  Defense counsel again objected that the State was interjecting its
personal opinion and that it is the jury’s job to determine whether there is
any doubt, not the State’s job.  Again, the trial court overruled the
objection.

            As
described above, there are four permissible areas of closing argument:  (1)
summation of the evidence, (2) reasonable deduction from the evidence, (3)
answer to argument of opposing counsel, and (4) plea for law enforcement.  Wesbrook,
29 S.W.3d at 115.  Here, the State’s argument was a summation of the evidence. 
Thorne testified during the trial that he took the DVDs and other items from
Kmart and admitted to being confronted by Guy at the store’s exit.  During his
testimony, Thorne disputed the State’s contention that he had a knife in his
possession and that he threatened and touched Guy.  He did not dispute that he
was on the video.  We also construe it as a reasonable deduction from the
evidence.  We do not construe it as an attempt by the State to testify or to
refer to facts that were not before the jury.  

            We
conclude that the trial court did not err when it overruled defense counsel’s
objections to the State’s jury argument.  We overrule Issue Three.

            Thorne
argues in Issue Four that the trial court drafted the judgment in error. 
Specifically, Thorne requests that this court correct the trial court’s
clerical error in the numerical rendition of the number of years assessed in
its written judgment.  The State agrees.  The judgment indicates that Thorne
was sentenced to “FORTY-FIVE (54) [sic] YEARS INSTITUTIONAL DIVISION, TDCJ.”  The
record reflects the trial court’s intent to sentence Thorne to forty-five
years.  At the punishment phase, the trial court orally pronounced Thorne’s
sentence as being forty-five years.  Because the record reflects the intent of
the court and because the transposed numerals are a clerical error, we sustain Thorne’s
issue and modify the judgment to read as follows: “FORTY-FIVE (45) YEARS
INSTITUTIONAL DIVISION, TDCJ.”  

            The
judgment of the trial court is modified to delete “$2679.00 Attorney Fees” and
to show a sentence of “FORTY-FIVE (45) YEARS INSTITUTIONAL DIVISION, TDCJ.”  
As modified, the judgment of the trial court is affirmed.

 

            

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

January 19, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.