NO. 07-11-0320-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
FEBRUARY 28, 2012
--------------------------------------------------------------------------------

 
 RANDALL DAVID WOODARD, 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 _____________________________
 
 FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;
 
 NO. 21,640-B; HONORABLE JOHN B. BOARD, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Anders Opinion
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Appellant Randall David Woodard appeals his convictions for possession of a controlled substance and tampering with evidence. Pursuant to a guilty plea, but without benefit of an agreed recommendation from the State as to punishment, the trial court found the evidence substantiated a finding of guilt and assessed punishment at two years in state jail for the possession offense and five years in the Institutional Division of the Department of Criminal Justice for the tampering offense. 
 Appellant's appointed counsel filed a motion to withdraw, together with an Anders brief in which he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a reponse or brief pro se. By letter dated January 20, 2012, this court also notified appellant of his right to tender his own brief or response and set February 20, 2012, as the deadline to do so. To date, appellant has filed neither a response, brief, or request for an extension of time. 
 In compliance with the principles enunciated in Anders, appellate counsel discusssed one potential area for appeal. It involves the punishment assessed by the trial court. However, counsel has satisfactorily explained why the argument lacks merit. 
 We have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). We have noted that in both judgments, court costs were assessed against appellant and that those costs included attorney's fees of $900. There is no evidence in the record that appellant has the ability to pay those attorney's fees so their assessment against him was error. See Mayer v. State, 309 S.W.3d 552, 556-57 (Tex. Crim. App. 2010). 
 Accordingly, the motion to withdraw is granted. The judgments are modified to delete any obligation to pay attorney's fees and, as modified, are affirmed. 

 Brian Quinn 
 Chief Justice

Do not publish.