

# NUMBER 13-11-00661-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JON CARROLL ROY,                                              Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

Appellant, Jon Carroll Roy, was convicted of burglary of a habitation and sentenced to twenty years' confinement. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). By one issue, Roy contends that "there was insufficient evidence for the trial court to include $1000 in administrative costs in [his] judgment in violation of Article 26.05(g) of the Texas Code of Criminal Procedure." *See* TEX. CODE CRIM. PROC. ANN.

art. 26.05(g) (West Supp. 2011).  We modify the judgment and affirm the judgment as modified.

## I.     BACKGROUND[1]

Roy entered a plea of guilty to the offense of burglary of a habitation on December 9, 2008.  *See* TEX. PENAL CODE ANN. § 30.02.  On March 2, 2009, the trial court deferred adjudication and placed Roy on five years' community supervision.[2]  On September 19, 2011, Roy entered pleas of "true" to several allegations that he violated the terms of community supervision.  The trial court revoked Roy's community supervision, found him guilty of the offense, and assessed punishment at twenty years' confinement.  The trial court ordered Roy to pay $1,000 in attorney's fees.  This appeal followed.

## II.     DISCUSSION

By his sole issue, Roy contends that the evidence is insufficient to support the trial court's order requiring him to repay the cost of his court-appointed attorney.  The State agrees with Roy and requests that we modify the judgment to subtract the $1,000 in attorney's fees.

Article 26.05(g) provides the following:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Additionally, the trial court assessed a $500.00 fine.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g). Without evidence in the record demonstrating that a defendant has the financial ability to offset the costs of legal services, a trial court errs by ordering reimbursement of court-appointed attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

Here, the record reflects that Roy appeared before the trial court when he pleaded guilty to the charged offense and at the subsequent adjudication proceeding. On both occasions, the trial court determined that Roy was indigent and appointed an attorney to represent him. Further, after adjudication of the primary offense, appellant was appointed counsel for appeal. However, the record is totally devoid of any evidence regarding his financial ability to pay for the legal services provided. *See id.* Therefore, the trial court erred when it assessed court-appointed attorney's fees against appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Mayer*, 309 S.W.3d at 557. Accordingly, we sustain Roy's sole issue.

### III. CONCLUSION

The judgment is modified to delete the assessment of $1,000 in attorney's fees. The trial court's judgment is affirmed as modified.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
29th day of March, 2012.

3