# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

## NO. 03-11-00106-CR
## NO. 03-11-00107-CR

### Ex parte Russell Dale Mortland

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NOS. CR-05-0582-C & CR-05-583-C, HONORABLE WILLIAM HENRY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgments dated August 11, 2011, and substitute the following opinion and judgments in their place.

Russell Dale Mortland appeals orders denying relief in these article 11.072 post-conviction habeas corpus proceedings. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). We affirm the trial court's orders.

On November 29, 2007, Mortland was convicted of retaliation (cause number CR-05-0583) and three counts of fraudulently filing a financing statement (cause number CR-05-0582). He was sentenced to ten years' imprisonment for the retaliation and twenty-four months in state jail for each of the fraud counts. Imposition of sentence was suspended in both causes, and Mortland was placed on community supervision. On appeal, this Court reversed the conviction on the third fraud count and ordered that count dismissed; the other convictions were

affirmed.  *Mortland v. State*, Nos. 03-08-00029-CR & 03-08-00030-CR, 2008 WL 5423167, at *2 (Tex. App.—Austin Dec. 30, 2008, pet. ref'd) (mem. op., not designated for publication).

In his writ applications, Mortland contends that the evidence does not support the district court's order that he pay $450 in each cause to reimburse the attorney appointed as standby counsel at Mortland's trial, where he chose to represent himself.  *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).  While the district court judgments do not order the payment of attorney's fees, Mortland has provided copies of documents entitled *Conditions of Community Supervision*.  These documents were signed by the community supervision officer, the trial court judge, and Mortland in each cause and reflect that the supervision conditions enumerated in the documents were imposed on December 2, 2009.  The complained-of payment of attorney's fees is listed as a condition of community supervision in each of these documents.

However, section 3(b) of Article 11.072 requires an applicant seeking to challenge a particular condition of community supervision, but not the legality of the conviction for which community supervision was imposed, to first attempt to gain relief by filing a motion to amend the conditions of community supervision.  *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b).  Nothing in the record indicates that Mortland first raised his challenge to the condition requiring payment of attorney's fees in a motion to amend the conditions of his community supervision as required by the statute.

The trial court's orders denying relief are affirmed.

2

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed on Motion for Rehearing

Filed:   April 27, 2012

Do Not Publish

3