

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### No. PD-0069-09

---

**KENNETH LEE MAYER, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### SWISHER COUNTY

---

JOHNSON, J., delivered the opinion of the Court in which PRICE, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KEASLER, J., filed a dissenting opinion in which KELLER, P.J., MEYERS, and WOMACK, JJ., joined.

### O P I N I O N

A jury found appellant guilty of aggravated kidnapping and assessed punishment at thirty-years' incarceration. Appellant appealed. The court of appeals overruled his first issue on appeal, sustained his second issue–repayment of appointed attorney fees, modified the trial court's judgment, and affirmed it as modified. *Mayer v. State*, 274 S.W.3d 898, 902 (Tex. App.–Amarillo 2008). We refused appellant's petition for discretionary review, but granted review of the two grounds raised

by the state prosecuting attorney's petition.[1]

After discharging the jury, the trial court announced the jury's verdict of guilt and assessment of punishment and informed appellant that he "shall pay the Court costs in this case and the Court-appointed attorney's fees that are incurred by Swisher County, Texas in [his] defense." In the written judgment, the trial court ordered appellant to reimburse the county for court-appointed-attorney fees in the amount of $2,850.

On appeal, appellant included claims complaining about the trial court ordering him to reimburse the county for court-appointed-attorney fees. The court of appeals noted that, under article 26.05(g),[2] "the trial court has authority to order reimbursement of appointed attorney fees if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of the legal services provided." *Mayer v. State*, 274 S.W.3d at 901. It also noted that the record "does not contain any such determination or finding by the trial court that appellant had any financial resources or was 'able to pay' the appointed attorney fees." *Id*. It also pointed to evidence in the record that "demonstrate[d] that, before trial and within two months of the conclusion of the trial, appellant was indigent and qualified for court appointed counsel." *Id*. It concluded that, in the absence of "evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees." *Id*. We affirm

---

[1] 1. "The Court of Appeals erred in reaching the attorney fee reimbursement issue for the first time on appeal, when no objection whatsoever was made by appellant at the trial court level, resulting in a procedural default.

" 2. The Court of Appeals erred in deciding the indigent status of appellant as it existed at the time of trial without remanding the case to the trial court to give the State an opportunity to be heard on this issue in the trial court, and to give the trial court an opportunity to decide the issue. The Court below has decided an important question of law that has not been, but should be settled by this Court."

[2] TEX. CODE CRIM. PROC., art. 26.05(g)

the judgment of the court of appeals.

The state's first ground for review asserts that appellant procedurally defaulted the issue of attorney-fee reimbursement because he did not object in the trial court and that the court of appeals erred in reaching that issue for the first time on appeal. It argues that appellant had an obligation to "either make a trial objection on the record or complain in a motion for new trial concerning court-ordered reimbursement of attorney's fees[,]" and that by failing to do so, he may not complain on appeal. (State's Brief, p. 3.)

We observe that appellant filed a pre-indictment "Affidavit of Financial Status," which included a request for the court to appoint an attorney to represent him in this case because he did not have the financial ability to hire his own attorney. After review of the affidavit, the trial court found that appellant was indigent and appointed an attorney to represent him at trial.

The state acknowledges that this affidavit reflects that appellant was unemployed and supporting himself on government-sponsored benefits and that he was given a court-appointed trial counsel. The state also acknowledges that appellant "filed a *pro se* notice of appeal and an affidavit of financial status in support of a request for appellate counsel, and that he was indeed given the assistance of appellate counsel." (State's Brief, p. 4.) Nevertheless, the state notes that neither appellant nor his attorneys lodged any objection or complaint in the trial court to either the fact or the amount of restitution for attorney's fees ordered reimbursed to the county nor made any such objection in a motion for new trial.

The state argues that appellant's failure to object to the trial court's order to repay attorney fees is governed by our holding in *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002), that if a defendant wishes to complain about the propriety of, as opposed to the factual basis for, a trial

court's restitution order, he must explicitly do so in the trial court. The state also compares appellant's failure to object to a situation in which an appellant first challenges on appeal probation conditions that may be unreasonable, unconstitutional, or violative of statutory provisions. It points to *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), in which we held that "[a] defendant who benefits from the contractual privilege of probation . . . must complain at trial to conditions he finds objectionable."

In his response to the state's petition, appellant does not challenge the propriety of assessing attorney's fees, but argues here, as he did in the court of appeals,[3] that a challenge to the factual basis of a restitution order or an order to pay court-appointed-attorney fees is a challenge to the sufficiency of the evidence regarding that order, that before the court of appeals he claimed that the evidence to support the attorney-fee order was insufficient, and that the court of appeals correctly recognized it as insufficient[4]. He notes the well-settled principle "that evidentiary sufficiency challenges do not require objection to be considered on appeal." (Appellant's Brief, p. 2.)

> This Court has stated in the past that "[a]n appellate court must always address challenges to the [legal] sufficiency of the evidence." *McFarland v. State*, 930 S.W.2d 99 at 100 (Tex. Crim. App. 1996) (citing Texas Rule of Appellate Procedure 90(a), now Rule 47.1, and *Garza v. State*, 715 S.W.2d 642 (Tex. Crim. App. 1986)). A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so. *See Proctor v. State*, 967 S.W.2d 840, 842 (Tex. Crim. App. 1998); *Lemell v. State*, 915 S.W.2d 486, 490 (Tex. Crim. App. 1995) (citing *McGlothlin v. State*, 896 S.W.2d 183, 190-91 (Tex. Crim. App. 1995) (Meyers, J., dissenting)); GEORGE E. DIX

---

[3] "Appellant now appeals . . . the sufficiency of the court order for the reimbursement of the court appointed attorney fees." *Mayer v. State*, 274 S.W.3d at 899-900.

[4] "Under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of appointed attorney fees if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of the legal services provided. . . . Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees." *Id.* at 901.

AND ROBERT O. DAWSON, 40 TEXAS PRACTICE, CRIMINAL PRACTICE
AND PROCEDURE § 3.65 (2000 Supplement).

*Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001).[5]

Appellant "concedes that no objection was made to the requirement that he pay court-appointed attorney fees." Appellant points to our language in *Idowu*, *supra*, "We ordinarily allow defendants to raise sufficiency of the evidence questions for the first time on appeal. Whether the record provides a sufficient factual basis for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level." *Idowu v. State*, 73 S.W.3d at 922. We also said that whether a party must object to preserve an evidentiary-sufficiency claim concerning a restitution order, or the amount of restitution, need not be resolved in *Idowu*. *Id*. Two years later, we addressed that point, saying that "a claim regarding sufficiency of the evidence need not be preserved for appellate review at the trial level, and it is not forfeited by the failure to do so." *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004). Appellant also cites opinions from courts of appeals for the proposition that no trial-court objection is required to raise an appellate complaint about court-appointed-attorney fees.

Appellant also suggests that the Amarillo Court of Appeals properly understood his direct-appeal point of error to be one of insufficient evidence and deleted the attorney fees on that basis. He points to the language in the court of appeals's opinion.

> [T]here is an absence of evidence to demonstrate that, at the conclusion of the trial, appellant was "able to pay" or had financial resources that would enable appellant to offset, in part or in whole, the costs of the legal services provided to him. . . .

---

[5] We presume that the court of appeals knows that preservation is a systemic requirement and that it is obligated to consider whether the errors complained of were forfeited because of failure to preserve the error. The court of appeals decided this case on the merits of the insufficiency claim, and so we presume that it impliedly found that appellant's ground raised legal insufficiency and such a claim may be raised for the first time on appeal.

> Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees. [citations omitted.] Accordingly, we modify the judgment to delete the [attorney fees].

*Mayer v. State*, 274 S.W.3d at 901.

The court of appeals properly analyzed appellant's point of error that complained about the lack of record evidence of "sufficient inquiry" into appellant's finances that would justify the trial court's determination that appellant should be ordered to pay court-appointed-attorney fees. The court of appeals pointed out that appellant's reply brief, which was filed after the state had filed its response brief on direct appeal, conceded "the sufficiency of the evidence" of the amount of the court-ordered reimbursement of attorney fees after becoming aware of the itemized expense form that had been submitted to the trial court after the conclusion of the trial and filed as a supplemental clerk's record after the filing of appellant's original brief. *Mayer*, *supra*, at 900, n.1. However, appellant also argued that the record was "devoid of any evidence of how the fee was calculated and whether his indigence prevented such a finding," thus including an assertion of evidentiary insufficiency regarding the factual basis for finding that he had financial resources that would enable him to reimburse the costs of the legal services provided. (Appellant's brief before the court of appeals, p. 8.)

Appellant also raised a point of error specifically questioning whether the record contained "sufficient inquiry" into his finances to allow him to be ordered to pay court-appointed-attorney fees. Appellant's reply brief to the state's response brief notes that, after reviewing his financial affidavit, the trial court had initially found him to be indigent and qualified for appointed counsel, and appellant asserts that "no evidence" of a change of financial ability existed. (Appellant's reply brief

before the court of appeals, p. 5.) That reply also specifically argued that since "no evidence" showed that appellant was able to pay appointed-attorney fees, the order requiring him to do so could not stand. *Id*. at 6.

The court of appeals referred to the provisions of article 26.05(g)[6] as authorization for the trial court to order the defendant to repay the costs of court-appointed legal counsel. Specifically, article 26.05(g) provides that, if the trial court determines that a defendant has the financial resources that enable him to offset in whole or in part the costs of the legal services provided, the court shall order him to pay, as court costs, the amount that it finds the defendant is able to pay. Thus the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.

Appellant's claims before the court of appeals included assertions of insufficient evidence of his financial resources and ability to pay. While this claim of evidentiary insufficiency differs somewhat from a claim of insufficient evidence of guilt, we note that an objection at trial is not necessary before making an appellate challenge to the sufficiency of the evidence concerning a deadly weapon finding because "[a] claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so." *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). We conclude that appellant's complaint about the sufficiency of evidence of his financial resources and ability to pay were likewise not waived by his failure to raise such a complaint at trial. We reiterate that no trial objection is required to preserve an appellate claim of insufficient evidence, thus the court of appeals did not err in addressing appellant's complaint about the order to reimburse court-appointed attorney fees. Accordingly, we

---

[6] TEX. CODE CRIM. PROC. art. 26.05(g)

overrule ground one.

The state's second ground complains about the court of appeals deciding the indigent status of appellant as it existed at the time of trial without remanding the case to the trial court to give the state an opportunity to be heard on the issue in the trial court and to give the trial court an opportunity to decide the issue. It insists that neither it nor the trial court should be excluded from the decision-making process of whether a defendant has the financial means to reimburse a county for attorney's fees expended on the defendant's behalf. It further complains that the court of appeals's decision was made before the state had an opportunity to test appellant's financial status "in the crucible of the adversarial process." (State's Brief, p. 3.)

The state acknowledges that this case "is not about whether Appellant is indigent and therefore too poor to hire a lawyer or too poor to reimburse Swisher County for attorney's fees already expended by the County." (State's Brief, p. 3.) The state is not contending that appellant was not indigent, but takes issue with the court of appeals making a presumption of indigence when the trial court is the proper forum for such a finding. (State's Brief, p. 6.)

The state contends that a remand order to the trial court would be appropriate so that the trial court could hear evidence and make the decision whether, and what amount of money, appellant should reimburse the county for attorney fees, and so the state has an opportunity, if it so desires, to contest whatever evidence or arguments appellant employs against the trial court's order, and to present evidence and arguments in support of its own position. It analogizes such a remand to cases in which the amount of restitution ordered as a lawful condition of community supervision is not supported by the record and remanding for the purposes of a restitution hearing is appropriate.

Appellant argues that the court of appeals, in finding that the evidence to support the order

to repay attorney fees was absent, ruled that the evidence was legally insufficient to justify the order. He also asserts that the state's brief points to no facts in the record indicating that he could pay those fees and was not necessarily contending that he was not indigent. Appellant also suggests that a remand would be pointless because the trial court appointed counsel at trial and, after appellant's conviction, appointed another attorney to represent him on appeal. He asserts that the trial court has thus already twice decided that appellant is indigent and without the financial ability to pay and, since he was sentenced to thirty-years' incarceration–a term that bars release on bail–the trial court has already "judged that [he] could not have had measurably more financial ability to pay at the time of trial than immediately after indictment." (Appellant's Brief, p. 9.) We also observe that article 26.04(p), provides that "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."

When claims of insufficient evidence are made, the cases are not usually remanded to permit supplementation of the record to make up for alleged deficiencies in the record evidence. Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict. In this case, there is no indication that the state was precluded from presenting evidence and being heard on the issue of appellant's financial resources and ability to pay for reimbursement of the court-appointed-attorney fees. We are unconvinced that the court of appeals committed any error in determining that the trial court erred in ordering reimbursement of attorney fees without remanding the case to the trial court. We therefore overrule ground two.

The judgment of the court of appeals is affirmed.


Delivered: March 24, 2010
Publish