# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00728-CR

**Lorena Candice Brooks, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 53267, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lorena Candice Brooks appeals an order revoking community supervision and imposing a nine-year sentence for assaulting a public servant. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2009). The revocation order contains an order that appellant pay $1699 in attorney's fees following her release. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2009). Appellant's sole contention on appeal is that there is insufficient evidence to support this order. The State concedes error. We modify the revocation order to delete the requirement that appellant pay attorney's fees and affirm the order as modified.

Following her arrest in 2002, appellant completed a financial questionnaire reflecting that she was unemployed, had no income or property, and received no government benefits. An attorney was appointed to represent her. *See id*. art. 26.04. Appellant was also represented by appointed counsel at the revocation proceeding, and she is represented by appointed counsel on

appeal. At the revocation hearing in September 2009, appellant told the court that she had been employed at a fast-food restaurant before her arrest on the capias. There is, however, no record of a determination that appellant's financial circumstances have materially changed and that she is no longer indigent. *See id*. art. 26.04(p).

The defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees under article 26.05(g). *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id*. The State concedes that there is no evidence that appellant is able to pay attorney's fees as ordered.

We agree that there is insufficient evidence of appellant's ability to pay the attorney's fees. The proper remedy is to delete the order. *Id*. at 557. Accordingly, the order revoking community supervision is modified to delete the order that appellant pay $1699 in attorney's fees upon her release. As modified, the revocation order is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Modified and, as Modified, Affirmed

Filed: August 4, 2010

Do Not Publish