NO. 07-11-0111-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 17, 2012

_____

BRYAN KEITH JERRELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 50,264-D; HONORABLE DON R. EMERSON, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Bryan Keith Jerrell was adjudicated guilty of indecency with a child by exposure after pleading true to allegations he violated his probation, and he was sentenced to four years incarceration in the Department of Criminal Justice. He argues that 1) his punishment is cruel and unusual because he is mentally retarded, and 2) there is no evidence to support an order to pay attorney's fees. We modify the judgment and, as modified, affirm it.

*Cruel and Unusual Punishment*

In his first issue, appellant contends that sentencing him to incarceration in an adult prison when he functions at the level of a seven-year-old constitutes cruel and unusual punishment. Appellant did not raise this issue to the trial court.[1] The failure to do so waives the issue. *Ham v. State,* No. 07-09-00331-CR, 2011 Tex. App. LEXIS 8572, at \*15 (Tex. App.–Amarillo October 27, 2011, no pet.).

*Imposition of Attorney's Fees as Costs*

In his other issue, appellant claims the trial court erred in ordering him to pay costs which included attorney's fees because there is no evidence that he is capable of paying them. Appellant was ordered to pay costs in the judgment, and the clerk's bill of costs included $600 in attorney's fees. The record shows that appellant had appointed counsel for trial and that he had no means to pay an attorney on appeal. When the record does not show that the defendant is financially capable of paying attorney's fees, the trial court errs in ordering reimbursement in the judgment. *See Mayer v. State,* 309 S.W.3d 552, 556-57 (Tex. Crim. App. 2010).

Accordingly, we modify the judgment to delete any obligation to pay attorney's fees in the amount of $600 and, as modified, affirm it.

Brian Quinn
Chief Justice

Do not publish.

---

[1] In his motion for new trial, appellant alleged that his mental functioning rendered him unable to intelligently enter a plea and made him incompetent for trial and that he was deprived of effective assistance of counsel due to his trial counsel's failure to raise those issues.

2