**Opinion filed January 19, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00011-CR

_____

## MICHAEL THORNE A/K/A EDWANA MICHAEL THORNE, A/K/A MICHAEL EDWANA THORNE, A/K/A EDWARD THORNE, A/K/A MICHAEL SMITH, A/K/A MICHAEL PACE, Appellant

## V.

## STATE OF TEXAS, Appellee

### On Appeal from the 264th District Court

### Bell County, Texas

### Trial Court Cause No. 64910

## MEMORANDUM OPINION

The jury convicted Michael Thorne a/k/a Edwana Michael Thorne, a/k/a Michael Edwana Thorne, a/k/a Edward Thorne, a/k/a Michael Smith, a/k/a Michael Pace of aggravated robbery with a deadly weapon and, finding enhancement paragraphs to be true, assessed punishment at forty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We modify and affirm.

Thorne contends in four issues that (1) the evidence was not sufficient to support the trial court's order that Thorne repay court-appointed attorney's fees, (2) the State improperly engaged

in vouching for the credibility of one of its witnesses during closing argument, (3) the State improperly interjected its personal opinion during closing argument, and (4) the trial court drafted its judgment in error.

On March 27, 2009, Thorne entered a Kmart store in Killeen, Texas. As he entered, he caught the attention of Allen Guy Jr., a loss prevention officer employed by Kmart, because Thorne looked to the ceiling as if he was looking to determine if security cameras were present. Thorne went to the electronics department, and Guy went to the store's office to follow Thorne's movements on the security camera monitors located there. Guy watched the monitors and saw Thorne take three DVD cases from a shelf, use a pocketknife to open the cases, and remove the discs and the booklets located inside. Thorne discarded the empty cases on another shelf and placed the discs and booklets in his pocket. Guy left the office, went to the shelf where Thorne left the empty cases, and confirmed that the cases were empty. Guy then watched as Thorne placed the booklets and some other paper items in a binder Thorne took from a shelf and began walking to the front of the store.

Once Thorne left the store without making any attempts to pay for the items, Guy confronted Thorne, identified himself, and asked Thorne to step back inside the store. Thorne walked back in the store and placed the binder and its contents on a candy machine, but did not put the discs down. Guy repeatedly asked Thorne to go with him to the back of the store. Thorne refused. Blocking the exit, Guy again instructed Thorne to go to the back of the store. Thorne again refused and hit Guy's hand and chest. Thorne then produced a knife and indicated to Guy that, if Guy refused to back away from him, he was going to stab Guy. At this point, Guy allowed Thorne to leave the store.

Thorne was later arrested by police at his home, where the police seized clothing matching the description of the suspect. They found four knives in Thorne's car, which was parked in an open garage. At trial, Thorne testified that he did attempt to steal the items in question. However, Thorne denied having a knife with him in the store or assaulting Guy. During the trial, video of Thorne taking the items and the confrontation that followed was admitted into evidence.

Thorne argues in Issue One that the evidence was not sufficient to support the trial court's order that Thorne repay court-appointed attorney's fees. The State agrees. Following Thorne's arrest, he completed a financial questionnaire for court appointment of counsel. The request for appointment of counsel was granted. During the punishment phase, the trial court

orally pronounced its order that, among other things, Thorne pay all court-appointed attorney's fees upon his release from prison. After judgment was rendered against Thorne, he filed a motion requesting a free record on appeal based on his inability to pay for the record. The trial court granted Thorne's motion.

We agree with both Thorne and the State that the evidence was not sufficient to support the trial court's order that Thorne repay court-appointed attorney's fees. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011); *see Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). No evidence was presented to indicate that Thorne's finances had undergone a material change or that Thorne was able to pay any part of the fees. *See* Article 26.05(g); *Mayer*, 309 S.W.3d at 553. Therefore, we modify the judgment to delete the portion of it in which the trial court ordered Thorne to pay attorney's fees. Issue One is sustained.

Thorne argues in Issue Two that the State was outside the four parameters of acceptable closing argument by vouching for the credibility of its own witness and giving the jury information that was its sole province to determine. During closing arguments, the State argued the following:

> Really what we get to is whether there was a threat, whether there was a knife, whether Allen Guy, Jr. was threatened with a deadly weapon.

> Something like this. A knife. We're here today to talk about did the defendant threaten him with a deadly weapon.

> Now, what do you have to help you with that? Well, to start off, you have Allen Guy, Jr. He doesn't know this defendant. Has no reason to lie about him, has no reason to pick this defendant out from the other 200 people that have committed shoplifting out there.

Defense counsel objected that the argument was a comment vouching for the credibility of its own witness. The trial court overruled the objection. The State continued the argument: "As I was saying, Allen Guy, Jr. has no reason to lie." Defense counsel again objected that the State was vouching for the credibility of its own witness. Again, the trial court overruled the objection.

In general, there are four permissible areas of closing argument: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing

counsel, and (4) plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). An argument will constitute reversible error if it is manifestly improper or injects new, harmful facts into the case. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). Here, the State's argument was a summation of the evidence. During cross-examination, Thorne stated that, prior to the incident, he did not know Guy, had never met Guy, and had never had any problems with or been stopped for shoplifting by Guy. When asked whether to his knowledge Guy had any reason to dislike him, Thorne responded, "To my knowledge, no." When asked whether there was any reason for Guy to pick Thorne out of the two hundred shoplifters Guy had detained for shoplifting to say that Thorne had a knife and went after Guy with that knife, Thorne replied, "No." When asked whether there was a "dispute with [Thorne] or any reason that [Guy] ought to go after [Thorne]," Thorne answered, "No." By stating in its closing argument that Guy had no reason to lie, the State did not overstep the bounds of proper argument because it was recounting the testimony given by Thorne. We do not construe it as an attempt by the State to improperly engage in vouching for the credibility of one of its witnesses during closing argument.

We conclude that the trial court did not err by overruling defense counsel's objections to the State's jury argument. We overrule Issue Two.

Thorne argues in Issue Three that the State was outside the four parameters of acceptable closing argument by improperly interjecting its personal opinion during closing argument. During closing arguments, the State argued the following:

> When the defendant testified, he conceded five of those seven points because when you look at the video and when you know what happened that day, you really can't fight that. You really can't even stand on your two feet and make a credible argument that it didn't happen.
>
> There's no question that it's him because you can see him big as light right on that video.

Defense counsel objected that the argument was the personal opinion of the State. The trial court overruled the objection. The prosecuting attorney continued his argument: "As I was saying, there's no doubt that it's the defendant in this case." Defense counsel again objected that the State was interjecting its personal opinion and that it is the jury's job to determine whether there is any doubt, not the State's job. Again, the trial court overruled the objection.

As described above, there are four permissible areas of closing argument: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing

4

counsel, and (4) plea for law enforcement. *Wesbrook*, 29 S.W.3d at 115. Here, the State's argument was a summation of the evidence. Thorne testified during the trial that he took the DVDs and other items from Kmart and admitted to being confronted by Guy at the store's exit. During his testimony, Thorne disputed the State's contention that he had a knife in his possession and that he threatened and touched Guy. He did not dispute that he was on the video. We also construe it as a reasonable deduction from the evidence. We do not construe it as an attempt by the State to testify or to refer to facts that were not before the jury.

We conclude that the trial court did not err when it overruled defense counsel's objections to the State's jury argument. We overrule Issue Three.

Thorne argues in Issue Four that the trial court drafted the judgment in error. Specifically, Thorne requests that this court correct the trial court's clerical error in the numerical rendition of the number of years assessed in its written judgment. The State agrees. The judgment indicates that Thorne was sentenced to "FORTY-FIVE (54) [sic] YEARS INSTITUTIONAL DIVISION, TDCJ." The record reflects the trial court's intent to sentence Thorne to forty-five years. At the punishment phase, the trial court orally pronounced Thorne's sentence as being forty-five years. Because the record reflects the intent of the court and because the transposed numerals are a clerical error, we sustain Thorne's issue and modify the judgment to read as follows: "FORTY-FIVE (45) YEARS INSTITUTIONAL DIVISION, TDCJ."

The judgment of the trial court is modified to delete "$2679.00 Attorney Fees" and to show a sentence of "FORTY-FIVE (45) YEARS INSTITUTIONAL DIVISION, TDCJ." As modified, the judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


January 19, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

5