

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00129-CR

**CHRISTOPHER LEE GAITHER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2009-1606-C2

## MEMORANDUM OPINION

Christopher Gaither appeals from a conviction for possession of cocaine less than one gram, for which he was sentenced to ten years in prison based on a prior felony conviction. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). Gaither complains that the trial court erred by providing a misleading instruction regarding good conduct time, erred in instructing the jury not to consider "sympathy" in assessing punishment, and improperly assessed court appointed attorney's fees. We find no error in the jury charge as submitted. Because the evidence was legally insufficient to sustain the assessment of attorney's fees, we modify the judgment to delete the award of attorney's

fees.

*Parole Law and Good Time Jury Charge Instruction*

Gaither complains in his first issue that the jury charge's instructions regarding parole and good time were erroneous in that the instruction allows the jury to consider that a defendant might be released early but not on parole if sufficient good time is accumulated. Gaither contends that the statutory language required to be set forth pursuant to Code of Criminal Procedure article 37.07, section 4(a) in the jury charge is insufficient and misleading.

*Standard of Review for Charge Error*

We must first determine whether the charges as submitted to the jury were erroneous and if so, we must then analyze these complaints utilizing the standards set forth in *Almanza v. State*. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (*citing Olivas v. State*, 202 S.W.3d 137, 143-44 (Tex. Crim. App. 2006), *citing Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)). Under *Almanza*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza*, 686 S.W.2d at 171. Because Gaither did not object to the jury charge, if there is error, we must determine whether the improper instruction caused egregious harm to Gaither.

The Court of Criminal Appeals has determined that the instruction in question is constitutional, mandatory, and has stated that the trial court is not authorized to alter

the instruction from the precise language of article 37.07, section 4(a). *See Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002) ("because the trial judge in this case instructed the jury according to the legislative dictate expressed in article 37.07, section 4(a), he did not commit error."). Gaither does not contend that the instruction did not comply with the code of criminal procedure. Because the instruction tracked the mandatory statutory language, and there is nothing in the record to suggest that the jury was confused about the instruction as given or that it considered parole and good time improperly, we do not find that the trial court's instruction was erroneous. We overrule issue one.

### Sympathy

Gaither complains in his second issue that the trial court erred by instructing the jury not to consider "sympathy" in its deliberations in the jury charge in the punishment phase of his trial. Gaither did not object to the jury charge on this basis. We have previously decided this issue against Gaither's position and are not persuaded to reconsider our ruling. *See Lewis v. State*, No. 10-09-00322-CR, 2011 Tex. App. LEXIS 6074 at *4 (Tex. App.—Waco Aug. 3, 2011, no pet.) (mem. op.) (not designated for publication); *Turner v. State*, No. 10-09-00307-CR, 2011 Tex. App. LEXIS 6072 at *4, (Tex. App.—Waco Aug. 3, 2011, no pet.) (mem. op.) (not designated for publication); *Wilson v. State*, 267 S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref'd). We overrule Gaither's second issue.

*Assessment of Attorney's Fees*

In his third issue, Gaither complains that the evidence was insufficient for the trial court to have assessed attorney's fees in the judgment. The State agrees that the evidence was insufficient in this regard. The trial court determined that Gaither was indigent during the proceedings and no evidence was presented of any change in that status. In accordance with the opinion of the Court of Criminal Appeals in *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010), we agree that the evidence was insufficient and the judgment should be modified to delete these assessments. Gaither's third issue is sustained.

*Conclusion*

The evidence was legally insufficient for the trial court to have assessed attorney's fees in the judgment, therefore, that assessment is deleted and judgment is rendered that the amount of costs owed by Gaither is $369.00. Having found no other reversible error, we affirm the judgment as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Modified, and Affirmed as Modified
Opinion delivered and filed June 27, 2012
Do not publish
[CR25]