

# NUMBER 13-11-00647-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GABRIEL ISIAH ROGERS,                                           Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria

In two issues, appellant, Gabriel Isiah Rogers, argues that the trial court erred by failing to credit his sentence with the time he spent in a substance abuse treatment facility, and by assessing $1,000 in attorney's fees despite appellant's indigent status.

The State does not contest either of appellant's issues, and asks us to modify the judgment. We affirm as modified.

## I. BACKGROUND[1]

Appellant was indicted for burglary of a habitation, a second-degree felony. TEX PENAL CODE ANN. § 30.02(a)(3)(c)(2) (West 2011). The trial court placed appellant on deferred-adjudication community supervision for eight years. Appellant entered a Substance Abuse Felony Punishment Facility (SAFPF) on November 17, 2010 and was discharged on June 6, 2011 after successfully completing the program. The State subsequently filed a motion to revoke, alleging two violations of the terms of appellant's supervision. Appellant plead true to both allegations. The trial court adjudicated appellant's guilt and assessed a sentence of nineteen years' imprisonment. This appeal followed.[2]

## II. ANALYSIS

### A. Jail Time Credit

In his first issue, appellant argues that the trial court erred by failing to credit his sentence for the time he spent in the SAFPF from November 17, 2010 to June 6, 2011. The code of criminal procedure provides that a defendant who successfully completes a stay in a SAFPF must receive credit on his sentence for the time spent there. TEX. CODE CRIM. PRO. ANN. art. 42.02 § 2 (a)(2) (West 2006). The record contains an order from the trial court ordering appellant's release from the facility because "he is successfully completing the treatment program" as well as a document from the SAFPF

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Appellant's appellate counsel originally filed an *Anders* brief and a motion to withdraw from representation. The State filed a response pointing out an arguable ground for appeal. We granted the motion and abated the appeal back to the trial court for appointment of new counsel.

facility that confirms appellant's discharge date. The State does not contest that appellant successfully completed the program and is therefore entitled to credit on his sentence for his time in the program from November 17, 2010 to June 6, 2011. This Court has the authority to modify the record to speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b) (appellate court may modify the judgment and affirm as modified). We accordingly sustain appellant's first issue and modify the trial court's judgment to credit appellant's sentence with the 201 days appellant spent in the SAFPF.

### B. Attorney's Fees

In his second issue, appellant argues that the trial court improperly assessed $1,000 in attorney's fees despite an earlier finding that appellant was indigent. A defendant who is determined by the trial court to be indigent is presumed to remain indigent for the remainder of the proceedings absent a material change in the defendant's financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011). The record must contain evidence to support a trial court's assessment of fees against a defendant that the court earlier determined to be indigent. *See Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010). The State agrees that there is no evidence in the record that appellant's financial circumstances have changed to relieve his indigency, and the State asks us to modify the judgment. We, therefore, sustain appellant's second issue and modify the judgment to delete $1,000 from the administrative fee calculation.

3

### III. CONCLUSION

Having sustained both of appellant's issues, we modify the judgment to credit appellant's sentence with 201 days, and delete the assessment of $1,000 in attorney's fees. We affirm as modified.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
11th day of April, 2013.