

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0861-12

**RUSSELL CATES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### MCLENNAN COUNTY

**MEYERS, J., delivered the opinion for a unanimous Court. KELLER, P.J., filed a concurring opinion.**

### O P I N I O N

Appellant, Russell Cates, was convicted of unauthorized use of a motor vehicle.

He was sentenced to 24 months in a state-jail facility and assessed a $5,000 fine. The

trial court found that Appellant was unable to pay costs "on this date" and ordered that the

funds, in the amount of $6,389.75, be withdrawn from Appellant's inmate trust account.

Appellant appealed, arguing that the trial court erred in ordering him to pay $1,039.75 in

court-appointed attorney's fees as part of court costs. Specifically, Appellant argued that,

because the trial court found him to be indigent and there is no factual basis in the record to support a determination that he can pay the fees, the evidence was insufficient to support the trial court's order.

The court of appeals determined that the record supports the trial court's finding that Appellant can pay at least a portion of the fees from a percentage of funds available to him through his inmate trust account while he is incarcerated. The court of appeals modified the trial court's judgment to limit Appellant's liability for the attorney's fees that were assessed as costs to the withholdings taken from his inmate trust account during his incarceration.

Appellant filed a petition for discretionary review, which we granted to consider whether the court of appeals erred by creating an exception to *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), and holding that withholding money from an indigent inmate's trust account to pay court-appointed attorney's fees does not violate Code of Criminal Procedure Article 26.05(g).

## ARGUMENTS OF THE PARTIES

Appellant argues that the trial court order violated Code of Criminal Procedure Article 26.05(g) and our holding in *Mayer*. He says that, rather than distinguishing *Mayer* and modifying the trial-court order, the court of appeals should have reformed the judgment to delete the requirement to pay the $1,039.75 in court-appointed attorney's fees from his inmate trust account. The State agrees and concedes that there is insufficient

evidence in the record to support the assessment of court-appointed attorney's fees.

**ANALYSIS**

Code of Criminal Procedure Article 26.05(g) allows the trial court to order a defendant to re-pay costs of court-appointed legal counsel that the court finds the defendant is able to pay. In *Mayer*, we stated that under Article 26.05(g), "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." 309 S.W.3d at 556. However, a "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. art. 26.04(p). Here, Appellant had been determined by the trial court to be indigent and there was never a finding by the court that he was able to re-pay any amount of the costs of court-appointed legal counsel. Thus, there was no factual basis in the record to support a determination that Appellant could pay the fees.

Code of Criminal Procedure Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources. The court of appeals's reasoning that there may, in the future, be funds in Appellant's inmate trust account and that such funds could be used during his incarceration to re-pay expenses of his court-appointed counsel, was flawed.

The parties are correct that the proper remedy is to reform the court of appeals's

judgment by deleting the $1,039.75 in court-appointed attorney's fees from the order assessing court costs.

**CONCLUSION**

We modify the judgment of the court of appeals to delete the fees of Appellant's court-appointed attorney that were included in the order for payment of court costs. The judgment of the court of appeals is affirmed as modified.

Delivered: June 26, 2013

Publish