# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00581-CR

**Shaurisha Jennell Steele, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 51,197, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Shaurisha Jenell Steele appeals the revocation of her community supervision for robbery. *See* Tex. Pen. Code § 29.02; Tex. Code Crim. Proc. art. 42.12, § 23. She raises two points of error on appeal relating to the imposition of court costs. We affirm the trial court's judgment of revocation.

## BACKGROUND

Steele pled guilty to the felony offense of robbery. The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a period of five years. Subsequently, the State filed a motion to adjudicate guilt. Steele pled true to multiple allegations asserting various violations of her community supervision, and the trial court adjudicated her guilty. The court sentenced her to serve ten years in the Institutional Division of the Texas Department of Criminal Justice, ordering that she participate in the State Boot Camp Program. *See* Tex. Crim.

Proc. art. 42.12, § 8; Tex. Gov't Code § 499.052.  Upon her successful completion of that program, the trial court suspended further imposition of the ten-year sentence and placed Steele on community supervision for a period of ten years.  *See* Tex. Code Crim. Proc. art. 42.12, §§ 3, 8.

The State subsequently filed a motion to revoke community supervision.  Without benefit of a plea bargain, Steele pled true to again violating the conditions of her community supervision.  The trial court found the allegations to be true, revoked Steele's community supervision, and sentenced her to nine years in prison.  At the time of sentencing, the trial court ordered Steele to "pay all court costs in this case."  Steele appeals the judgment revoking her community supervision.

## DISCUSSION

The judgment revoking Steele's community supervision ordered the repayment of court costs in the amount of $482.50.  In two points of error on appeal, Steele challenges the assessment of these court costs.  She asserts that (1) the fees were improperly assessed because she was indigent and there was no evidence to support a finding by the trial court that she had the financial ability to pay any attorney's fees as part of the court costs assessed, and (2) there is insufficient evidence in the record to sustain the imposition of the specific dollar amount of $482.50.

In order to assess court-appointed attorney's fees in a judgment, a trial court must determine that the defendant has financial resources that enable her to offset in part or in whole the costs of legal services provided.  *See* Tex. Code Crim. Proc. art. 26.05(g); *Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010).  Here, the clerk's record reflects that at three stages in this proceeding (the adjudication, the revocation, and the appeal) the trial court found Steele

2

to be indigent and appointed counsel to represent her.[1] Thus, Steele argues in her first point of error that because she is indigent, the portion of court costs attributed to attorney's fees should be deleted from the judgment.

In her second point of error, Steele points out that the original clerk's record in this appeal contained no certified bill of costs, yet the trial court's judgment indicates she must pay $482.50 in court costs. Consequently, she argues that the evidence is insufficient to support the imposition of the court costs and contends that the judgment should be modified to delete the court costs assessed. However, Steele further asserts that "if the appellate record should be supplemented to include a proper bill of costs, then the judgment should be modified to delete the portion of the court costs which includes attorney's fees."

The district clerk supplemented the record during the pendency of this appeal to include a certified bill of court costs. The bill of costs demonstrates that no portion of the court costs assessed by the trial court includes court-appointed attorney's fees. A convicted defendant's indigence is not relevant to the amount of court costs assessed when those court costs do not include an obligation to pay court-appointed attorney's fees under article 26.05(g) of the Code of Criminal Procedure. *See Pivonka v. State*, No. 10-12-00176-CR, 2013 WL 4040112, at *2 (Tex. App.—Waco Aug. 8, 2013, no pet. h.) (mem. op., not designated for publication); *Slaven v. State*, No. 02-11-00297-CV, 2012 WL 5535603, at *4 (Tex. App.—Fort Worth Nov. 15, 2012, no pet.) (mem. op.); *Dissette v. State*, No. 09-11-00672-CR, 2012 WL 1249014, at *1 (Tex. App.—Beaumont Apr. 11, 2012, no pet.) (mem. op., not designated for publication).

---

[1] The record reflects that retained counsel represented Steele at the original plea hearing.

3

We overrule Steele's first and second points of error.

## CONCLUSION

Because the record demonstrates that no portion of the court costs assessed includes the repayment of court-appointed attorney's fees, we find no error in the trial court ordering Steele to pay court costs as reflected in the judgment. We affirm the judgment revoking Steele's community supervision.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   September 26, 2013

Do Not Publish