**Affirmed as Modified; Opinion Filed November 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01319-CR

**CHRISTOPHER JOHN CORTEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80365-2012**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Christopher John Cortez pleaded guilty to burglary of a habitation without the benefit of a plea-bargain agreement. Following a hearing on punishment, the trial court sentenced appellant to twenty years' imprisonment. In his sole point of error, appellant contends there is insufficient evidence to support the trial court's assessment of court-appointed attorney's fees against him. After reviewing the record, we agree. We therefore modify the trial court's judgment to delete the provision requiring appellant to reimburse the County the cost of his court-appointed counsel. We affirm the judgment as modified.

### FACTUAL BACKGROUND

Appellant was charged with burglary of a habitation. The trial court found appellant indigent and appointed counsel for him on November 3, 2011. Appellant entered an open plea

of guilty and the trial court assessed punishment at twenty years' imprisonment. Among other things, the trial court's written judgment provided:

> It is further ORDERED that the cost to Collin County for the payment of this defendant's court-appointed attorney, if any, is taxed against this defendant as court cost. The District Clerk is granted leave to amend the court cost to reflect this amount without the necessity of a further order.

A certified bill of costs in the clerk's record indicates that appellant has been assessed $1,175 for his attorney's fees as a court cost. Appellant filed a pro se notice of appeal on September 21, 2012 stating he was indigent and had previously filed with the court an affidavit of indigency. On October 4, 2012, after a hearing, the trial court appointed new counsel to represent appellant for purposes of appeal.

## ANALYSIS

In his sole point of error, appellant argues that the trial court erred when it assessed attorney's fees in the amount of $1,175 as part of appellant's court costs because the evidence is insufficient to support the assessment. The State concedes that the trial court erred in taxing court-appointed attorney's fees as court costs in this case and agrees the judgment should be modified as requested by appellant.

The code of criminal procedure provides the trial court with discretionary authority to order reimbursement of appointed attorney's fees when the defendant has financial resources to repay all or part of the cost of the legal services provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012). But where the trial court has previously found the defendant indigent, a reimbursement order must be supported by sufficient evidence in the record to show a material change in the defendant's financial status such that he is able to pay his appointed attorney's fees. S*ee Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Here, the trial court determined that appellant was indigent when it initially appointed him counsel, and again when it appointed him counsel to represent him in this appeal. There is no evidence in the

–2–

record before us that appellant's financial circumstances had materially changed so as to support the trial court's assessment of attorney's fees as court costs. Accordingly, we sustain appellant's sole issue and modify the judgment to strike the following language: "It is further ORDERED that the cost to Collin County for the payment of this defendant's court-appointed attorney, if any, is taxed against this defendant as a court cost. The District Clerk is granted leave to amend the court cost to reflect this amount without the necessity of a further order." *See id.* at 557.

As modified, the judgment is affirmed.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121319F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER JOHN CORTEZ,
Appellant

No. 05-12-01319-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-80365-2012
Opinion delivered by Justice Evans,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to **STRIKE** the following language:

It is further ORDERED that the cost to Collin County for the payment of this defendant's court-appointed attorney, if any, is taxed against this defendant as court cost. The District Clerk is granted leave to amend the court cost to reflect this amount without the necessity of a further order.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 7th day of November, 2013.

/David Evans/
DAVID EVANS
JUSTICE

–4–