

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00187-CR

---

ROY EDWARD SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR 13-002

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Roy Edward Smith was convicted of retaliation, and the trial court sentenced Smith to twenty years' confinement.[1]  On appeal, Smith challenges only the trial court's assessment of attorney's fees against him.  The State concedes error, and we agree; consequently, we will modify the trial court's judgment by deleting the assessment of attorney's fees against Smith.  In all other respects, the trial court's judgment is affirmed.

Article 26.05(g) of the Texas Code of Criminal Procedure governs the assessment of court-appointed attorney's fees.  TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013).  A trial court's authority to order a defendant to repay the cost of court-appointed counsel depends upon the court's determination that "the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided."  *Id.*  Once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances.  TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013).  Accordingly, to require a defendant to repay court-appointed attorney's fees, the State must present evidence that the defendant's financial circumstances have materially changed since the court's initial finding of indigence and that the defendant is now capable of paying some or all of those fees.  *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (striking order to pay attorney fees where defendant found indigent and qualified for court-appointed attorney at trial and on appeal).  When evidence does not support a court's order to pay attorney's fees, the proper remedy is to delete the order.  *Id.* at 557.

---

[1]Retaliation is a third degree felony.  TEX. PENAL CODE ANN. § 36.06(c) (West 2011).  The State also alleged and proved a prior felony conviction.  TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2013).

The record shows Smith applied for court-appointed counsel shortly after being indicted. The sworn request states that Smith was "unemployed, without income or assets." The trial court, without specifically finding Smith indigent, appointed counsel. Viewing the record as a whole, including the State's concession, we will treat the trial court's appointment of counsel as an implied finding of indigence. There is nothing in the record demonstrating a "material change in [Smith's] financial circumstances"; as a result, the presumption that Smith remain indigent was never rebutted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). There is no evidence in the record to support a determination that Smith can pay some or all of the assessed attorney's fees; therefore, the correct remedy is to modify the trial court's judgment by deleting the unsupported assessment.

We modify the trial court's judgment to delete the assessment of $400.00 for attorney's fees. As modified, the trial court's judgment is affirmed.


Jack Carter
Justice


Date Submitted:     May 20, 2014
Date Decided:       June 6, 2014

Do Not Publish

3