

# NUMBER 13-14-00046-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

**SHELTON EUGENE HARTFIELD,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

## On appeal from the 12th District Court
## of Walker County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion by Chief Justice Valdez

Appellant, Shelton Eugene Hartfield, was convicted of evading arrest or detention with a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04 (West, Westlaw through 2013 3d C.S.). By one issue, appellant contends that the trial court erred by ordering him to pay court-appointed attorney's fees because there is no evidence to support a finding that he had the finances or ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West,

Westlaw through 2013 3d C.S.).  We modify the judgment, and we affirm the judgment as modified.

## I.   BACKGROUND[1]

On November 19, 2013, appellant entered a plea of guilty to the offense of evading arrest or detention with a motor vehicle.  *See* TEX. PENAL CODE ANN. § 38.04.  Prior to trial, the trial court determined that appellant was indigent and appointed counsel to represent him.  *See* TEX. CODE OF CRIM. PROC. ANN. art 26.04(a).  Appellant waived his right to a jury trial and pleaded guilty to the offense.   Sentencing was tried to a jury, who assessed punishment at eight years' confinement in the Texas Department of Criminal Justice.   The trial court assessed court costs in the amount of $259.00 and court-appointed attorney's fees in the amount of $2,271.20 and credited appellant with time previously served.   Appellant duly filed this appeal challenging the requirement that appellant pay the court-appointed attorney's fees.

## II.   REQUIREMENT OF PAYMENT FOR COURT-APPOINTED ATTORNEY'S FEES

In his sole issue, appellant argues that there is no evidence to support the trial court's order that he pay court-appointed attorney's fees.  In response to appellant's appeal, the State concedes that there is insufficient evidence in the record to demonstrate that appellant's financial resources have materially changed since the trial court's finding of indigence.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West, Westlaw through 2013 3d C.S.).  Additionally, the State agrees that the appropriate remedy is to modify the

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

2

judgment by deleting the requirement that appellant pay the court-appointed attorney's fees.

Article 26.05(g) provides the following:

If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

*Id.* Without evidence in the record demonstrating that a defendant has the financial ability to offset the costs of legal services, a trial court may not order reimbursement of court-appointed attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *see also Roy v. State*, No. 13-11-00661-CR, 2012 WL 1073233, at *1 (Tex. App.—Corpus Christi, Mar. 29, 2012, no pet.) (mem. op., not designated for publication) (holding that the trial court erred by assessing attorney's fees after it appointed an attorney at trial because defendant was indigent and the record was "totally devoid of evidence regarding [the defendant's] financial ability to pay for legal services provided").

The record in this case reflects that, prior to trial, the trial court found appellant to be indigent and appointed counsel to represent him. The trial court also appointed counsel to represent appellant in an appeal after the offense was adjudicated. Moreover, the record does not contain any evidence regarding changes in appellant's ability to pay for the legal services he was provided. *See Mayer*, 309 S.W.3d at 557; *see also Roy*, 2012 WL 1073233, at *1. Therefore, the trial court erred by assessing court-appointed attorney's fees against appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g). Accordingly, we sustain appellant's sole issue.

3

### III. CONCLUSION

The judgment is modified to delete the assessment of $2,271.20 in attorney's fees.

The trial court's judgment is affirmed as modified.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of July, 2014.