

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00200-CV

IN RE JARROD FLAMING, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

May 17, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Via a petition for writ of mandamus, Jerrod Flaming asks that we order the Honorable Kregg Hukill, 242nd Judicial District, (trial court) "to delete Bill of Costs assessment refunding all funds that were illegally seized from relator's trust fund account, and any other relief that relator may be entitled both in law and equity." The "illegally seized" funds apparently reflect attorney's fees assessed in a bill of costs in *State v. Flaming*, No. A18635-1011, Hale County, Texas. Due to his indigence, he was appointed legal counsel to represent him in that criminal prosecution. The fees apparently paid counsel were included in the aforementioned bill of costs once Flaming was convicted. That was improper in his view since the State failed to prove a change in his financial circumstances. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim.

App. 2010) (stating that a defendant determined to be indigent is presumed to remain indigent for the remainder of the proceeding unless evidence illustrates a material change in the defendant's financial circumstances). We deny the petition.

There are several prerequisites to securing a writ of mandamus. One requires the absence of an adequate legal remedy. *In re Stone*, No. 07-10-0395-CV, 2010 Tex. App. LEXIS 9101, at *5 (Tex. App.—Amarillo November 16, 2010, orig. proceeding) (mem. op.) (stating that to show his entitlement to mandamus relief, a relator must 1) show that he has no adequate remedy at law to redress the alleged harm and 2) the act sought to be compelled is ministerial and does not involve a discretionary or judicial decision). Flaming has such a remedy given that he is attacking, in essence, effort to remove funds from his inmate trust account. The remedy of which we speak is that specified in *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008). According to our Supreme Court, it consists of an appeal analogous to that taken in civil post-judgment enforcement actions. *Id.* at 321. When the questioned funds are withdrawn, Flaming may move the trial court to address his complaint, as explained in *Harrell*. Should the trial court rule adversely on his motion, he may then appeal the decision.

Accordingly, we deny the petition for writ of mandamus.

Brian Quinn
Chief Justice