

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00242-CR

**JAY CHUNG,**

                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                  **Appellee**

### From the County Court at Law
### Navarro County, Texas
### Trial Court No. C34587-CR

## MEMORANDUM OPINION

Jay Yoon Chung appeals from a judgment that sentenced him to twenty years in prison for possession of a controlled substance.[1] TEX. HEALTH AND SAFETY CODE ANN. § 481.115(b) (West 2010). The sentence was enhanced due to two prior convictions for the

---

[1] Chung was tried and sentenced for the offense previously. His sentence was reversed by this Court and remanded for a new trial on punishment only. *See Yoon Chung v. State*, 475 S.W.3d 378 (Tex. App.—Waco 2014, pet. ref'd). This appeal relates to the new trial on punishment.

offense of Indecency with a Child. Chung complains that the trial court erred by assessing attorney's fees in the judgment, erred in the admission of evidence by a jailhouse informant pursuant to Rule 403 of the Rules of Evidence, and erred in the admission of testimony relating to bad acts of which he did not receive notice prior to trial pursuant to Article 37.07 of the Code of Criminal Procedure and Rule 404(b) of the Rules of Evidence. Because we find that the trial court erred in its assessment of attorney's fees, we will modify the judgment to delete that assessment. Because we find no other reversible error, we otherwise affirm the judgment of the trial court.

## ATTORNEY'S FEES

In his first issue, Chung complains that the trial court erred by including an assessment for $10,174.72 in court-appointed attorney's fees because he had been found to be indigent and there was no evidence before the trial court that he was no longer indigent. The State agrees that the assessment was improper and we agree. Pursuant to *Mayer v. State*, there was no evidence to support the assessment. *See Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). We sustain issue one.

## ADMISSION OF EVIDENCE

In his second issue, Chung complains that the trial court abused its discretion in admitting testimony given by an individual who was imprisoned with Chung before his original sentence was reversed on appeal. The inmate, who was a felon with multiple convictions for crimes of moral turpitude, testified that Chung had told him that he had

been dealing with the desire to molest young girls for approximately fourteen years and that he would lure the girls into his van using a puppy. The inmate also testified that Chung threatened to seek revenge against the prosecutors who had tried his case. Chung complains that the evidence should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Rules of Evidence.

PRESERVATION OF ERROR

A timely objection must be made in order to preserve an error in the admission of evidence. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). The objection should be made as soon as the ground for objection becomes apparent. *Id*. If a question clearly calls for an objectionable response, the objection should be made before the witness responds to the question. *Id*. If the objection is not made until after the objectionable question has been asked and answered, and no legitimate reason can be shown to justify the delay, the objection is untimely; error is waived. *Id.*

The inmate testified that he had contacted the prosecutors involved in the case because Chung had told him that "he was going to hurt you guys, and he victimizes younger girls." Chung had told the inmate the names of the specific prosecutors who were involved in the prior prosecution, and the inmate had sent each of them letters regarding the threats Chung had made against them. The inmate also testified that Chung had told him that he had been luring and molesting young girls and was

concerned about being charged with other offenses based off of things that were found in the van he was driving when he was arrested. Chung did not object to the testimony until after this testimony had been admitted. Chung's objection was not timely, and therefore, this complaint was waived. TEX. R. APP. P. 33.1. We overrule issue two.

## LACK OF NOTICE

In his third issue, Chung complains that the trial court abused its discretion by allowing the testimony of a detective from the sex offender apprehension unit with the Dallas Police Department regarding his sex offender registration requirements because he did not receive notice of the State's intent for her to testify pursuant to Code of Criminal Procedure Article 37.07 and Rule 404 of the Rules of Evidence. Chung argues that because he did not have notice, he was unable to prepare to rebut the testimony of the detective who was called to testify in the rebuttal phase of the punishment trial to refute the evidence presented during Chung's defense regarding his good character and behavior.

The State is required to give a defendant notice that it intends to introduce evidence at punishment of the defendant's crimes, wrongs, or other acts during its case-in-chief. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1), (g); TEX. R. EVID. 404(b)(2). In determining whether the State violated the notice requirements of Rule 404(b) of the Rules of Evidence and Article 37.07 of the Texas Code of Criminal Procedure, the Texas Court of Criminal Appeals has held that where the non-disclosed evidence was presented

by the State in rebuttal of the defendant's evidence rather than as part of its case-in-chief, no violation occurred. *See Jaubert v. State*, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002). Because the testimony of the detective was given in rebuttal of Chung's evidence regarding his good character, it was not erroneous for the trial court to admit the evidence. We overrule issue three.

## CONCLUSION

Having found that the trial court erroneously assessed attorney's fees, we modify the judgment to delete the amount of $10,174.72 in court-appointed attorney's fees. Having found no other reversible error, we otherwise affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Modified, and affirmed as modified
Opinion delivered and filed October 25, 2017
Do not publish
[CRPM]

