NO. 07-12-0066-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
JULY 12, 2012
--------------------------------------------------------------------------------

 
 GEORGIA ESPINOZA PEREZ , 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 ___________________________
 
 FROM THE 242nd DISTRICT COURT OF HALE COUNTY;
 
 NO. B18036-0905; HONORABLE ED SELF, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Memorandum Opinion
--------------------------------------------------------------------------------

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Georgia Espinoza Perez (appellant) appeals her conviction for failure to stop and render aid. After a plea of guilty, appellant received two years probation. Subsequently, the State filed a motion to revoke her probation which the trial court granted and sentenced her to one year in the county jail. 
 Appellant's appointed counsel filed a motion to withdraw, together with an Anders brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing her of counsel's belief that there was no reversible error and of appellant's right to file a response pro se. By letter dated May 29, 2012, this court notified appellant of her right to file her own brief or response by June 28, 2012, if she wished to do so. To date, a response has not been filed.
 In compliance with the principles enunciated in Anders, appellate counsel discussed potential areas for appeal which included the original plea of guilty, the sufficiency of the evidence supporting the motion to revoke and sentencing. However, counsel then proceeded to explain why the issues were without merit.
 In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions. 
 However, this court recently concluded in Wolfe v. State, No. 07-10-0201-CR, 2012 Tex. App. Lexis 5368, at *10-11 (Tex. App. - Amarillo July 6, 2012, no pet. h.), that the evidence in Wolfe was insufficient to support the trial court's assessment of attorney's fees as court costs, even though payment of those fees had been a condition of appellant's community supervision. See also Armstrong v. State, No. 07-09-0091-CR, 2011 Tex. App. Lexis 6637, at *3 (Tex. App. - Amarillo Aug. 17, 2011, no pet.) (not designated for publication) (modifying the trial court's judgment to delete the assessment of attorney's fees due to insufficient evidence without making any distinction between attorney's fees the defendant agreed to pay as a condition of his community supervision and additional attorney's fees assessed at adjudication).
Here, the record reflects that appellant was indigent prior to her pleading guilty and was appointed counsel at that time. Because the record demonstrates that appellant was indigent immediately prior to the time attorney's fees were awarded, we presume she remained indigent at the time they were ordered as a condition of probation. Furthermore, because there is no evidence in the record of a change in appellant's financial resources that would enable her to offset in part or in whole the costs of legal services provided to her at any time, we conclude the special finding contained in the Judgment Revoking Community Supervision which orders her to pay $500.00 for court-appointed attorney's fees agreed to as part of her previous plea bargain is improper. 
Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay, Mayer v. State, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010), and there is no evidence to support the order for appellant to pay attorney's fees, the proper remedy is to delete that order. 
Accordingly, the judgment revoking community supervision is modified to delete the trial court's special finding ordering appellant to pay $500.00 for court-appointed attorney's fees. In lieu thereof, the judgment of the trial court is modified to add the following provision beneath the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court-appointed attorney's fees." As modified, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.
 Brian Quinn
 Chief Justice 

Do not publish.