

NUMBER 13-11-00797-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTONIO RODRIGUEZ DE LEON, Appellant,

v.

THE STATE OF TEXAS, Appellee.

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Antonio Rodriguez De Leon appeals his conviction for murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). During his jury trial, appellant pleaded guilty to murder, and the jury assessed punishment. On the jury's verdict, the trial court found appellant guilty and sentenced appellant to ninety-nine years of confinement in the Texas Department of Criminal Justice, Institutional Division.

By one issue, appellant challenges the sufficiency of the evidence to support the portion of the trial court's judgment ordering him to pay $13,122.50 in attorney's fees despite his indigency. We affirm as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The record shows that appellant was appointed trial and appellate counsel because he is indigent. The trial court granted his motion for a free transcription of the reporter's record because of his indigency. There is no evidence in the record that appellant's financial circumstances have changed as to relieve his indigency.

## II. DISCUSSION

The State concedes that appellant was indigent and remained indigent throughout the proceedings in this case. The State concedes appellant is entitled to the relief he seeks on appeal, namely that the judgment be modified to delete the assessment of attorney's fees against appellant.

An indigent defendant cannot be charged for legal services provided to him by court-appointed counsel. *See Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010). An award of attorney's fees may, as here, be challenged for the first time on appeal. *Id.* at 556 (A "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011) ("If the court determines that a defendant has financial resources that

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."); *id.* art. 26.04(p) (West Supp. 2011) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."). Therefore, as the State concedes, the trial court erred in assessing $13,122.50 in attorney's fees against appellant. We sustain appellant's sole issue on appeal.

### III. CONCLUSION

We delete that portion of the judgment assessing $13,122.50 in attorney's fees against appellant. We affirm the judgment as modified.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of August, 2012.

3