Opinion filed October 17, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00292-CR

_____

## DONTAVIS GOWAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 54th District Court**

**McLennan County, Texas**

**Trial Court Cause No. 2011-1805-C2**

## MEMORANDUM OPINION

Dontavis Gowan originally pleaded guilty to the offense of possession of cocaine, and the trial court deferred the adjudication of Gowan's guilt and placed him on community supervision for four years pursuant to the terms of a plea bargain. The State subsequently filed a motion to adjudicate guilt. Upon Gowan's plea of true to the motion to adjudicate, the trial court adjudicated his guilt and assessed his punishment at confinement in a state jail facility for twenty-four

months and a fine of $1,000. The judgment nunc pro tunc reflects that the trial court also assessed court costs of $966 and "Restitution" of $140. We affirm.

*Issues*

Gowan presents nine issues for review. In the first three issues, Gowan complains of the trial court's assessment of "restitution in the amount of $140 to the DPS Lab" because it was not orally pronounced as part of the sentence, was not authorized, and was not supported by sufficient evidence. In his fourth issue, Gowan complains of the trial court's assessment of an "intoxication/drug fee" of $60 and a "time payment fee" of $25 as court costs because these fees were not compensatory and were not included in the sentence orally pronounced by the trial court in open court.[1] In his fifth issue, Gowan complains that the bill of costs was not signed. In his sixth issue, Gowan challenges the assessment of attorney's fees associated with the adjudication of his guilt. In the seventh and eighth issues, he challenges the assessment of attorney's fees associated with the initial plea and deferred adjudication. In his final issue, Gowan complains that the "Time Credited" as shown in the judgment is inaccurate.

*Complaints Procedurally Defaulted*

In light of a recent opinion by the Court of Criminal Appeals, we hold that Gowan has forfeited his right to complain on appeal of the matters raised in his first, second, third, fourth, seventh, and eighth issues. *See Wiley v. State*, No. PD-1728-12, 2013 WL 5337093 (Tex. Crim. App. Sept. 25, 2013). In *Wiley*, a unanimous court held that the defendant, by procedural default, forfeited his right

---

[1]We note that the State originally filed a letter brief conceding that Gowan's points regarding fees and restitution "are well taken" and stating that "the proper remedy is to delete the DPS lab fee, the time payment fee, and the intoxication/drug fee." The State subsequently recanted its concessions and now urges that the $140 DPS charge "for drug testing constitutes reparations, not restitution"; that the $60 intoxication/drug fee and the $25 time payment fee were mandatory under the law; and that the attorney's fees assessed as costs of court at the time Gowan was placed on community supervision may not be raised in this appeal.

to complain of attorney's fees that were included as court costs in both the original order placing the defendant on community supervision and in the judgment revoking his community supervision because he did not raise his complaint in a direct appeal from the original order. *Id.*

The record in this case shows that the $140 "Restitution" to the DPS lab was specifically included in the order deferring adjudication, as were court costs in the amount of $911. The court costs of $911 included charges of $400 for court-appointed attorney's fees, $60 for the intoxication/drug fee, and $25 for the time payment fee. Following the court's ruling in *Wiley*, we hold that, by failing to appeal from the trial court's order deferring the adjudication of guilt, Gowan has forfeited his complaints regarding the costs, fees, and restitution that were included in that order; Gowan cannot raise these complaints in an appeal from the subsequent judgment adjudicating his guilt. Gowan's first, second, third, fourth, seventh, and eighth issues are overruled.

### Complaints Now Moot

In his fifth issue, Gowan asserts, alternatively, that the trial court erred in assessing any court costs at all because the bill of costs was not signed. The supplemental clerk's record contains a bill of costs signed by the McLennan County District Clerk. Gowan's fifth issue is overruled.

In his sixth issue, Gowan complains of the trial court's inclusion of his court-appointed attorney's fees as court costs to be paid by Gowan, an indigent defendant. This issue relates to the attorney's fees incurred for the revocation and adjudication only. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). Gowan's complaint in this issue has been rendered moot by the judgment nunc pro tunc that was entered after Gowan filed his brief. The original judgment of adjudication reflected court costs of $1,466, including attorney's fees of $900; the judgment nunc pro tunc reflects court costs of only $966. Upon the entry of the

judgment nunc pro tunc, the district clerk amended her bill of costs to reflect a credit of $500 and to reflect that the attorney's fees previously assessed for the revocation and adjudication proceeding were no longer due.[2]  Because the sixth issue relates to an error that has been corrected by the trial court's judgment nunc pro tunc, Gowan's complaint is moot.  The sixth issue is, therefore, overruled.

### Time Credited

In his final issue, Gowan complains that he was not given credit for time spent in jail prior to the revocation of his guilt.  We disagree.  The trial court gave Gowan the appropriate credit for his time served.  The first page of the judgment and the judgment nunc pro tunc set out the following dates that Gowan spent in jail as "Time Credited:" from May 15, 2011, to May 16, 2011; September 1, 2011; from November 28, 2011, to January 18, 2012; and from August 8, 2012, to August 30, 2012 (the date of adjudication).  Furthermore, on the second page of the judgments, the trial court ordered that Gowan be "given credit noted above on this sentence for the time spent incarcerated."  Gowan's ninth issue is overruled.

### This Court's Ruling

We affirm the judgment of the trial court.


October 17, 2013                                      TERRY McCALL

Do not publish.  *See* TEX. R. APP. P. 47.2(b).        JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

---

[2]The remaining $400 assessment for attorney's fees stemmed from the initial plea and deferral and was addressed in the seventh and eighth issues.