

# NUMBER 13-12-00691-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOVAN DE LA GARZA,                                                    Appellant,

## v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 156th District Court of Bee County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Jovan De La Garza appeals his conviction for sexual assault, a second-degree felony.  *See* TEX. PENAL CODE ANN. § 22.011 (West Supp. 2013).  By one issue, appellant challenges the trial court's judgment that he pay attorney's fees despite his indigency.   We affirm, as modified.

## I. BACKGROUND[1]

Appellant was indicted for sexual assault of a fourteen-year-old girl. After he entered a plea agreement, the trial court placed appellant on deferred-adjudication community supervision for a period of ten years. Based on a finding that appellant violated the terms of his community supervision, the trial court revoked appellant's community supervision and adjudicated him guilty of sexual assault. In its judgment nunc pro tunc adjudicating guilt, the trial court ordered appellant to pay court costs as set forth in a cross-referenced bill of costs. The record contains an itemized bill of costs that shows that appellant owes $450 for "Court Appointed Attorney Fees." Appellant, being indigent, was represented by a court-appointed attorney during his revocation hearing. Appellant is also being represented by a court-appointed attorney on appeal.

## II. ATTORNEY'S FEES

By a single issue on appeal, appellant argues the trial court erred in assessing attorney's fees against him because appellant was previously determined to be indigent by the trial court.[2] The record confirms that the trial court previously determined appellant to be indigent, and that there is no evidence in the record suggesting that his financial circumstances changed by the time of his revocation hearing.[3] The State does

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] The State concedes that appellant was indigent and that the trial court should not have taxed attorney's fees against him. While the State's confession of error in a criminal case is an important factor, it is not conclusive, and the appellate court must make an independent examination of the merits of any issue raised on appeal. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).

[3] Appellant's mother, Edelmira Maria De La Garza, testified at the revocation hearing that appellant receives Social-Security benefits because he is "slow." Appellant's trial counsel represented to

not dispute that appellant was indigent and remained indigent throughout the proceedings in this case.

An indigent defendant cannot be charged for legal services provided to him. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (concluding that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011) ("If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."); TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").

Therefore, as the State concedes, the trial court erred in assessing $450.00 in attorney's fees against appellant. We sustain appellant's issue regarding the trial court's assessment of attorney's fees.

### III. CONCLUSION

We delete that portion of the judgment assessing $450.00 in attorney's fees

---

the trial court that appellant's IQ is 59. Aside from appellant's affidavits of indigency, there is no evidence in the record of appellant's income.

against appellant.   We affirm the judgment, as modified.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of January, 2014.

4