**Opinion issued April 24, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00317-CR

————————————

**TROY ANDRE MARCEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 12CR0628**

---

## MEMORANDUM OPINION

A jury convicted appellant Troy Andre Marcel of the felony offense of driving while intoxicated, enhanced as a habitual offender, and assessed his

punishment at twenty-five years' confinement.[1]  Marcel's sole issue asserts that the trial court abused its discretion by assessing attorney's fees against him because he was indigent.  The State concedes the error.

A trial court has the authority to order a defendant to repay fees for legal services provided, if the court determines that a defendant has financial resources enabling him to offset, in part or in whole, the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012).  However, "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."  TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013).

Here, the record reflects that the trial court found Marcel indigent for purposes of trial and later, for purposes of appeal.  Marcel was represented by appointed counsel throughout both proceedings.  Although the judgment states that attorney's fees are "to be assessed" in Marcel's case, there is nothing in the record indicating that the trial court reconsidered its determination of indigency, that a material change in Marcel's financial circumstances occurred, or that the trial court made a finding regarding Marcel's ability to pay attorney's fees.  *See Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010); *see also Byrd v. State*, 01-

---

[1]     *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2012); *see also* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2008).

12-00930-CR, 2013 WL 5947975, at *2 (Tex. App.—Houston [1st Dist.] Nov. 5, 2013, no pet.) (mem. op., not designated for publication); *Navarro v. State*, No. 01–12–00415–CR, 2013 WL 2456799, at *2 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) (mem. op., not designated for publication). As such, the record does not support an assessment of attorney's fees because Marcel is presumed indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p).

Accordingly, we modify the trial court's judgment to delete the entry of "to be assessed" with regard to attorney's fees.

We affirm the trial court's judgment as modified.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).