

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00202-CR
### No. 10-14-00203-CR

**DAVID BLAINE MCKINLEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court Nos. 37611CR and 37612CR

## MEMORANDUM OPINION

A jury found Appellant David Blaine McKinley guilty of continuous sexual abuse of a child and indecency with a child and assessed his punishment at twenty-five years' imprisonment for each offense, to be served consecutively. These appeals ensued.

In his first issue in each appeal, McKinley contends that the judgments should be modified to correctly reflect the attorneys for the State. McKinley argues that the judgments improperly show Patrick M. Wilson, the elected county and district attorney for Ellis County, as the State's attorney even though the record reflects that the attorneys

who appeared for the State in this case were Amy Nguyen and Ricky Sipes, assistant county and district attorneys for Ellis County. McKinley, however, cites to nothing to show that the elected State's attorney cannot be named in the judgment if he did not participate in the proceeding resulting in the judgment. The Code of Criminal Procedure states that a judgment shall reflect "[t]hat the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (West Supp. 2014). The elected county and district attorney for Ellis County is the attorney for the State in this case. McKinley's first issue in each appeal is therefore overruled.

In his second issue in Cause No. 10-14-00202-CR, McKinley contends that there is insufficient evidence to support the trial court's order for him to pay $3,133 in court costs. McKinley argues that the clerk's record in Cause No. 10-14-00202-CR contains only a bill of estimated court costs in the amount of $413; therefore, the clerk's record should be supplemented by a bill of costs or the judgment should be reformed to reflect the court costs contained in the record. The State responds that after McKinley filed his brief in this case, a supplemental clerk's record was filed containing the final bill of costs. The State concedes that the judgment should be modified, however, because the $3,133 includes attorney's fees in the amount of $2,720.

The clerk's record in Cause No. 10-14-00202-CR reflects that, before trial, the trial court found that McKinley was indigent and appointed an attorney to represent him. Once McKinley was initially found to be indigent, he was presumed to remain indigent for the remainder of the proceedings unless it was shown that a material change in his

financial resources had occurred. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). The trial court did not make any findings or otherwise address McKinley's financial condition again before signing the judgment. Furthermore, the trial court appointed an attorney for appeal, stating that "the Defendant is too poor to employ counsel." Therefore, we sustain McKinley's second issue in Cause No. 10-14-00202-CR and modify the judgment to delete the assessment of attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). The judgment is modified to reflect court costs in the amount of $413.

In his second issue in Cause No. 10-14-00203-CR, McKinley contends that the judgment in the case should be modified to accurately reflect all sections of the Penal Code that he was found to have violated. McKinley complains that the judgment does not reflect the statute giving rise to the enhanced punishment—section 12.42(d) of the Penal Code.

Article 42.01 of the Code of Criminal Procedure requires that the judgment reflect "[t]he offense or offenses for which the defendant was convicted" and the "degree of offense for which the defendant was convicted." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13), (14). The judgment in Cause No. 10-14-00203-CR states that McKinley was convicted under section 21.11 of the Penal Code of the offense of indecency with a child, a second degree felony enhanced to first degree felony – habitual offender. We conclude that this complies with article 42.01. We therefore overrule McKinley's second issue in Cause No. 10-14-00203-CR.

Finally, in his third issue in each appeal, McKinley contends that the judgment

incorrectly demands that restitution be paid to Ellis County Community Supervision and Corrections. McKinley argues that this section of the judgments should be modified to reflect that it is not applicable (N/A) because no restitution was assessed. The Code of Criminal Procedure states that a judgment shall reflect: "In the event that the court orders restitution to be paid to the victim, a statement of the amount of restitution ordered and … the name and address of a person or agency that will accept and forward restitution payments to the victim." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(25). The statute does not specifically address the situation in these cases where the trial court ordered that no restitution be paid to the victim. McKinley also cites to nothing to support the proposition that the judgments in these cases need to be modified for this reason. We therefore overrule McKinley's third issue in each appeal.

We affirm the trial court's judgments as modified herein.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 2, 2015
Do not publish
[CRPM]

