ACCEPTED
12-15-00112-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/30/2015 3:31:04 PM
Pam Estes
CLERK

ORAL ARGUMENT NOT REQUESTED

**NO. 12-15-00112-CR**
TRIAL COURT CAUSE NO. B-21,601

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/30/2015 3:31:04 PM
PAM ESTES
Clerk

IN THE 12TH COURT OF APPEALS
TYLER, TEXAS

---

**MELISSA BROWNING HERNANDEZ**
Appellant

vs.

THE STATE OF TEXAS
Appellee

---

APPEAL FROM THE 173rd JUDICIAL DISTRICT COURT
HENDERSON COUNTY, TEXAS
CAUSE NO. B-21,601
HONORABLE CARTER W. TARRANCE, JUDGE PRESIDING

---

BRIEF FOR THE STATE

---

Daniel Cox
Assistant District Attorney
Henderson County
109 W. Corsicana St., Ste. 103
Athens, Texas 75751
State Bar #24074085
903.675.6100

# IDENTIFICATION OF THE PARTIES AND COUNSEL

APPELLANT:

**Melissa Browning Hernandez**

APPELLANT'S COUNSEL:

**Linda Altier**
1527 E. Fifth St.
Tyler, Texas 75701
903.592.4232

APPELLEE:

**The State of Texas**

APPELLEE'S COUNSEL:

**Jenny Palmer**
Henderson County District Attorney's Office
109 West Corsican Street
Athens, Texas 75751
903.675.6100
903.675.6196 (Fax)

**Daniel Cox**
Henderson County District Attorney's Office
109 West Corsican Street
Athens, Texas 75751
903.675.6100
903.675.6196 (Fax)

PRESIDING JUDGE(S):

**The Honorable Judge Carter W. Tarrance**

# TABLE OF CONTENTS

**SUBJECT MATTER:**          **PAGE:**

Identification of the Parties and Counsel----------------------------------------------------1

Table of Contents----------------------------------------------------------------------------2

Index of Authorities ------------------------------------------------------------------------3

Statement of the Case------------------------------------------------------------------------4

Appellant's Issues Presented----------------------------------------------------------- 4-5

Argument--------------------------------------------------------------------------------------5

Conclusion------------------------------------------------------------------------------------5

Prayer---------------------------------------------------------------------------------------- 6

Certificate of Service----------------------------------------------------------------------- 7

Certificate of Compliance------------------------------------------------------------------- 7

# INDEX OF AUTHORITIES

## CASES

*MEYER V. STATE*, 309 S.W.3D 552 (TEX.-CRIM.-APP. 2010)...........................5

| MELISSA BROWNING HERNANDEZ | § | IN THE 12TH |
|---|---|---|
| | § | |
| Vs. | § | COURT OF APPEALS |
| | § | |
| THE STATE OF TEXAS | § | TYLER, TEXAS |

## APPELLEE'S BRIEF:

## TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now the State of Texas, by and through her attorney of record, Henderson County Assistant District Attorney Daniel Cox, and respectfully submits this brief on appeal.

## STATEMENT OF THE CASE:

Appellant was charged by indictment for the offense of Theft Over $20,000 From an Elderly Person (C.R. 2:1-3). The trial Court found that the appellant was indigent and appointed Linda Altier to represent the appellant (C.R. 1:21). On February 5, 2015, the appellant waived her right to a trial by jury, entered a guilty plea and elected to have the trial Court assess punishment (C.R. 1:23-28). On April 16, 2015, after the completion of a pre-sentence investigation, the trial Court heard evidence at a sentencing hearing (C.R. 1: 36-39). At the conclusion of the hearing, the trial Court sentenced the appellant to six years confinement in the Texas Department of Corrections (C.R. 1:26-29). Additionally, the trial Court

ordered that the appellant repay the cost of the court appointed attorney's fees as a part of the appellant's sentence (C.R. 1:36-37)

<u>APPELLANT'S ISSUES PRESENTED:</u>

I. Was the evidence sufficient to support the trial court's order for Appellant to pay attorney's fees?

The State feels that the judgment should be modified to remove the requirement of repayment of attorney's fees. Under *Meyer v. State*, once a defendant is found by the trial court to be indigent, there must be an affirmative finding by the trial court of an ability to repay court appointed attorney's fees. (*Meyer v. State*, 309 S.W.3d 552 (Tex.-Crim.-App. 2010).

At the punishment hearing, there was no evidence presented by either party that would show an ability to pay. As such, there is no evidence in the record to show that the appellant was no longer indignant at the time and able to repay attorney's fees.

## CONCLUSION

There is an absence of evidence to show that Appellant, after being found indigent and sentenced to the penitentiary, is "able to pay" or has any financial resources that enable her to pay the attorney's fees assessed in the court's order and judgment as required. We concur that the judgment should be modified in accordance with the request of Appellant to delete attorney's fees and court costs.

## PRAYER

WHEREFORE, premises considered, the State, for the reasons set forth in this brief, requests that this Honorable Court orders the judgment be reformed and that the requirement to pay attorney's fees be deleted.

Respectfully submitted,

Daniel Cox
Assistant District Attorney
Henderson County Judicial Complex
109 W. Corsicana Street, Ste. 103
Athens, Texas 75751
Phone: (903) 675-6100
Facsimile: (903) 675 – 6196
State Bar No. 24074085

# CERTIFICATE OF SERVICE

I, Daniel Cox, do hereby certify that a true and correct copy of the foregoing Brief for the State has been served upon the Appellant, Melissa Browning Hernandez, by emailing a copy of the same to his attorney of record, Linda Altier at _____ on this the ___ day of _____, 2015.

BRITTANY CREECH
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 05-07-2016

Daniel Cox
Assistant District Attorney
Henderson County, Texas

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3), the undersigned attorney certifies this brief complies with the length compliance of the Texas Rules of Appellate Procedure in that the brief has 866 words.

Daniel Cox
Assistant District Attorney
Henderson County, Texas