**Affirmed as Modified and Memorandum Opinion filed June 6, 2023**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00146-CR

_____

### JAMES CRAIG GONZALES SENIOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Cause No. 2020R-0138**

## MEMORANDUM OPINION

Both appellant and the State agree that the trial court erred in ordering appellant James Craig Gonzales Senior to "repay court-appointed attorney's fees after determining he was indigent." The trial court assessed $400.00 in court appointed attorney's fees and ordered appellant to pay such fees.

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Pro.

art. 26.04(p). Article 26.05 of the Code of Criminal Procedure provides that "if the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . . the judge shall order the defendant to pay . . . as a reimbursement fee the amount that the judge finds the defendant is able to pay." Tex. Code Crim. Pro. art. 26.05(g). A trial court errs in ordering reimbursement of appointed attorney fees "[i]n the absence of evidence to demonstrate appellant's financial resources to offset the costs of the legal services." *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010) (quotation omitted).

Here, the trial court determined that appellant was indigent and appointed counsel. A jury found appellant guilty of aggravated assault. The trial court rendered judgment ordering appellant to pay $400.00 in court appointed attorney's fees. There is no evidence in the record to support any change in appellant's financial resources. *See* Tex. Code Crim. Pro. arts. 26.04(p), 26.05(g); *see also Mayer*, 309 S.W.3d at 553, 557. We sustain appellant's sole issue on appeal.

We modify the trial court's judgment to delete that portion ordering appellant to pay "$400.00 COURT APPOINTED ATTORNEY'S FEES." *See id*. We further modify the Certified Bill of Costs to delete "Ct. Appt. Atty. Fees $400.00." We affirm the judgment as modified.


/s/     Ken Wise
         Justice


Panel consists of Justices Wise, Zimmerer, and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).

2